Victor A. Vilaplana
California State Bar No. 058535
Keith C. Owens
California State Bar No. 184841
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, California 90071-2411
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: *vvilaplana@foley.com*
       *kowens@foley.com*


C. Luckey McDowell
Texas State Bar No. 24034565
Ian E. Roberts
Texas State Bar No. 24056217
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone: 214.953.6500
Facsimile: 214.661.6503
Email: *luckey.mcdowell@bakerbotts.com*
       *ian.roberts@bakerbotts.com*

ATTORNEYS FOR CREDITOR YA GLOBAL INVESTMENTS, L.P.,
F/K/A CORNELL CAPITAL PARTNERS, L.P.


## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

|  |  |
|---|---|
| In re:<br><br>**COBALIS CORPORATION,**<br><br>Debtor. | **Case No. 8:07-12347-TA**<br><br>**Chapter 11**<br><br>**PLAN OF REORGANIZATION PROPOSED BY YA GLOBAL INVESTMENTS, L.P.** |

DATED: SANTA ANA, CA
       AUGUST 11, 2009

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................ 1

ARTICLE I DEFINITIONS, RULES OF INTERPRETATION AND COMPUTATION
    OF TIME ................................................................................................................... 1

    A.   Rules of Construction ......................................................................................... 1

    B.   Definitions .......................................................................................................... 1

    C.   Rules of Interpretation ....................................................................................... 7

    D.   Computation of Time .......................................................................................... 7

    E.   Governing Law ................................................................................................... 8

ARTICLE II CLASSIFICATION OF CLAIMS AND INTERESTS ................................. 8

    A.   Introduction ........................................................................................................ 8

    B.   Unclassified Claims (not entitled to vote on the Plan) ..................................... 8

    C.   Unimpaired Classes of Claims (deemed to have accepted the Plan and not
        entitled to vote on the Plan) .............................................................................. 8

    D.   Impaired Classes of Claims (entitled to vote on the Plan) ................................ 8

    E.   Impaired Classes of Interests (deemed to have rejected the Plan and not entitled
        to vote on the Plan) ............................................................................................ 8

ARTICLE III TREATMENT OF CLAIMS AND INTERESTS ........................................ 9

    A.   Unclassified Claims ........................................................................................... 9

    B.   Unimpaired Claims ............................................................................................ 9

    C.   Impaired Claims ................................................................................................. 9

    D.   Interests ............................................................................................................ 10

    E.   Allowed Claims ............................................................................................... 10

    F.   Reservation of Rights to Object to Claims ...................................................... 10

    G.   Objections to Claims ........................................................................................ 10

ARTICLE IV ACCEPTANCE OR REJECTION OF THE PLAN .................................. 11

    A.   Impaired Classes of Claims Entitled to Vote .................................................. 11

    B.   Acceptance by an Impaired Class .................................................................... 11

    C.   Presumed Acceptances by Unimpaired Classes .............................................. 11

    D.   Classes Deemed to Reject Plan ....................................................................... 11

    E.   Summary of Classes Voting on the Plan ......................................................... 11

    F.   Confirmation Pursuant to Bankruptcy Code section 1129(b) .......................... 11

ARTICLE V MEANS FOR IMPLEMENTATION OF THE PLAN ............................... 12

A. Sources for Plan Distributions ...................................................................................12

B. Corporate Action..........................................................................................................12

C. Revesting of Assets in the Debtor...............................................................................13

D. Release of Liens............................................................................................................13

E. Exemption from Certain Transfer Taxes ....................................................................14

F. Transfer of Causes of Action; Settlement of Causes of Action .................................14

G. Effectuating Documents; Further Transactions ..........................................................14

ARTICLE VI PROVISIONS GOVERNING DISTRIBUTIONS .................................................14

A. Distributions for Claims Allowed as of the Effective Date ........................................14

B. Delivery of Undeliverable or Unclaimed Distributions..............................................14

C. Means of Cash Payment...............................................................................................15

D. Withholding and Reporting Requirements ..................................................................15

E. Setoffs ..........................................................................................................................15

F. Procedure for Treating and Resolving Disputed, Contingent and/or Unliquidated Claims ...........................................................................................................................16

G. Fractional Dollars.........................................................................................................16

ARTICLE VII TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES .......................................................................................................................17

A. Rejected Contracts and Leases.....................................................................................17

B. Rejection Damages Bar Date .......................................................................................17

ARTICLE VIII CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF THE PLAN ............................................................................17

A. Conditions to Confirmation .........................................................................................17

B. Conditions to Effective Date........................................................................................18

C. Waiver of Conditions ...................................................................................................18

D. Consequences of Non-Occurrence of Effective Date ..................................................18

ARTICLE IX ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS .......................................................................................................................19

A. Professional Fee Claims...............................................................................................19

ARTICLE X EFFECTS OF CONFIRMATION ..........................................................................19

A. Binding Effect...............................................................................................................19

B. Discharge ......................................................................................................................19

C. Injunction .....................................................................................................................19

D. Term of Bankruptcy Injunction or Stays ....................................................................20

E.   Compromises and Settlements ........................................................................20

F.   Satisfaction of Subordination Rights ..........................................................20

G.   Exculpation and Limitation of Liability ......................................................20

ARTICLE XI RETENTION OF JURISDICTION ......................................................................21

ARTICLE XII MISCELLANEOUS PROVISIONS ...................................................................22

A.   Modifications and Amendments ...................................................................22

B.   Severability of Plan Provisions ....................................................................23

C.   Successors and Assigns..................................................................................23

D.   Payment of Statutory Fees .............................................................................23

E.   Revocation, Withdrawal or Non-Consummation .........................................23

F.   Service of Documents ...................................................................................24

G.   Plan Supplement(s) .......................................................................................24

## TABLE OF EXHIBITS

| Exhibit | Title |
|---|---|
| A | Amended and Restated Articles of Incorporation |
| B | Amended and Restated Bylaws |
| C | Officers and Directors of New Cobalis |
| D | Executory Contracts and Leases Expressly Assumed |
| E | Proposed Confirmation Order |
| F | List of Parties Excluded from Protected Parties Definition |

**Exhibits will be filed with the Court in Plan Supplement(s) at least five days prior to the Voting Deadline.**

# INTRODUCTION

YA Global Investments, L.P., f/k/a Cornell Capital Partners, L.P. ("YA Global"), as the senior secured creditor in this case, respectfully proposes the following plan of reorganization (the "Plan") for Cobalis Corporation (the "Debtor") pursuant to section 1121(c) of the Bankruptcy Code. The Plan contemplates the resolution of the outstanding Claims against and interests in the Debtor and the emergence of a reorganized entity, New Cobalis. Existing Equity will be cancelled; creditors can choose to either receive $500 immediately or participate in a Plan Dividend; and the equity of New Cobalis will be owned solely by YA Global. Please refer to the Disclosure Statement for a discussion of the Debtors' history and businesses, the background, a summary and analysis of the Plan, and certain related matters. All holders of Claims who are eligible to vote on the Plan are encouraged to read the Plan and Disclosure Statement in their entirety before voting to accept or reject the Plan.

# ARTICLE I
## DEFINITIONS, RULES OF INTERPRETATION AND COMPUTATION OF TIME

## A. Rules of Construction

For purposes of this Plan or any Exhibit hereto, except as expressly provided herein or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article I of this Plan. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. Whenever the context requires, such terms shall include the plural as well as the singular number.

## B. Definitions

(a) "Administrative Claim" means a Claim against the Debtor for payment of an administrative expense of a kind specified in Bankruptcy Code section 503(b) and entitled to priority under Bankruptcy Code section 507(a)(1).

(b) "Allowed" means a Claim that is not a Disputed Claim and, with respect to any other Claim, (a) any Claim or proof of which was timely filed with the Court, or (b) any Claim for which a proof of claim was not timely filed but which Claim has been listed in the Schedules as liquidated in amount and not disputed or contingent, and, in (a) and (b) above, as to which (i) during the period prior to the deadline for filing objections to Proofs of Claim in the Plan, the Claim has been allowed by a Final Order or in a settlement approved by the Confirmation Order (but only to the extent so allowed), or (ii) after the deadline for filing objections to Proofs of Claim, either no objection to the allowance thereof was filed prior to the Claims objection deadline or the Claim has been allowed by a Final Order or in a settlement approved by the Confirmation Order (but only to the extent so allowed).

(c) "Allowed Amount" means, when used in reference to a Claim within a particular Class, an Allowed Claim in the specified Class or of a specified type.

(d) "Avoidance Action(s)" means, individually and collectively, all avoidance or recovery actions under Bankruptcy Code sections 502, 510, 541, 542, 544, 545, 547, 548, 549,

550, 551 and/or 553, or under similar or related state or federal statutes and common law, including, without limitation, fraudulent transfer or conveyance laws; including but not limited to any and all such actions against any Interest holder, which such causes of action shall vest in New Cobalis on the Effective Date.

(e)    "Ballot" means each of the ballot forms distributed with the Disclosure Statement to holders of Impaired Claims entitled to vote in connection with the solicitation of acceptances of the Plan.

(f)    "Bankruptcy Case" means the Bankruptcy Case of the Debtor before the Court, Case No.8:07-12347-TA.

(g)    "Bankruptcy Code" means the Bankruptcy Reform Act of 1978, as codified in title 11 of the United States Code, 11 U.S.C. § 101–1532, as now in effect or hereafter amended prior to the Confirmation of the Plan, to the extent that such amendments apply to the Bankruptcy Case.

(h)    "Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended, as applicable to the Bankruptcy Case or proceedings therein, and the Local Rules of the Court, as applicable to the Bankruptcy Case or proceedings therein, as the case may be.

(i)    "Bar Date" means the date designated by the Court as the last date for filing proofs of claim or interest in the Bankruptcy Case.

(j)    "Business Day" means a day other than a Saturday, Sunday, "legal holidays" (as defined in Bankruptcy Rule 9006(a)), or other day on which commercial banks in New York City are authorized or required by Law to close. Any event the scheduled occurrence of which would fall on a day that is not a Business Day shall be deferred until the next succeeding Business Day.

(k)    "Cash" means effective legal tender of the United States.

(l)    "Causes of Action" means any and all claims, actions, proceedings, causes of action, Avoidance Actions, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and Claims (as defined in Bankruptcy Code section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise, that the Estate may hold against any Person or entity, including but not limited to any and all such actions against Interest holders, which Causes of Action shall vest in New Cobalis on the Effective Date.

(m)    "Claim" means a right, claim, cause of action, right of recovery and rights of set-off, recoupment or counterclaim of any kind against the Debtor, whether or not asserted, as defined in section 101(5) of the Bankruptcy Code.

(n)    "Claimholder" means the holder of a Claim.

(o) "Class" means a category of holders of Claims or Interests, as described in Article II hereof.

(p) "Collateral" means any property or interest in property of the Debtor's Estate that is subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

(q) "Confirmation" means entry by the Court of the Confirmation Order.

(r) "Confirmation Date" means the date of entry of the Confirmation Order.

(s) "Confirmation Order" means the order entered by the Court confirming the Plan under Bankruptcy Code section 1129, and constituting an approval of all its terms, including without limitation the revesting of all of the Debtor's assets in New Cobalis free and clear of all Claims, Liens and interests, the operation or effect of which has not been stayed, reversed, or amended and as to which order (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired, notwithstanding the pendency of any appeal.

(t) "Convenience Claim" means a General Unsecured Claim whose holder elects to be treated as a holder of a Class 4 Convenience Claim and receive, in full satisfaction, release and discharge of and in exchange for such Claim, the lesser of (i) $500 or (ii) the Allowed Amount of such Claim.

(u) "Court" means the means the United States Bankruptcy Court for the Central District of California.

(v) "Creditor" means any Person who holds a Claim against the Debtor.

(w) "Debtor" means Cobalis Corporation, the debtor in the Bankruptcy Case.

(x) "Disallowed" with reference to a Claim means a Claim, or any portion thereof, that (a) has been disallowed by a Final Order, (b) is Scheduled at zero or as contingent, disputed or unliquidated and as to which no Proof of Claim has been filed by the Bar Date or deemed timely filed with the Court pursuant to either the Bankruptcy Code or any Final Order, or otherwise deemed timely filed with the Court pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (c) is not Scheduled, and as to which (i) no Proof of Claim has been filed by the Bar Date or deemed timely filed with the Court pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (ii) no request for payment of an Administrative Claim has been filed timely or deemed timely filed with the Court pursuant to either the Bankruptcy Code or any Final Order or under applicable law.

(y) "Disclosure Statement" means the written disclosure statement that relates to the Plan, as approved by the Court under Bankruptcy Code section 1125 and Bankruptcy Rule 3017, as such disclosure statement may be amended, modified, or supplemented from time to time.

(z)     "Disputed" with reference to a Claim means a Claim, or any portion thereof, that has not been Allowed pursuant to the Plan or a Final Order, and:

A.     if no Claim has been filed, or deemed to have been filed, by the applicable Bar Date, which has been or hereafter is listed on the Schedules as unliquidated, contingent or disputed, and which has not been resolved by written agreement of the parties or an order of the Court;

B.     if a Claim has been filed, or deemed to have been filed, by the applicable Bar Date (i) a Claim for which a corresponding Claim has been listed on the Schedules as unliquidated, contingent or disputed; (ii) a Claim for which a corresponding Claim has been listed on the Schedules as other than unliquidated, contingent or disputed, but the amount of such Claim as asserted in the Claim varies from the amount of such Claim as listed in the Schedules; or (iii) a Claim as to which any party in interest has timely filed an objection or request for estimation in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules and any orders of the Court, or which is otherwise disputed by New Cobalis in accordance with applicable law; or

C.     for which a Claim was required to be filed by order of the Court, but as to which a Claim was not timely or properly filed.

(aa)     "Disputed Claim Amount" means (a) if a liquidated amount is set forth in the Proof of Claim relating to a Disputed Claim, (i) the liquidated amount set forth in the Proof of Claim relating to the Disputed Claim; (ii) an amount agreed to by New Cobalis and the holder of such Disputed Claim; or (iii) if a request for estimation is filed by any party, the amount at which such Claim is estimated by the Court; (b) if no liquidated amount is set forth in the Proof of Claim relating to a Disputed Claim, (i) an amount agreed to by New Cobalis and the holder of such Disputed Claim or (ii) the amount estimated by the Court with respect to such Disputed Claim; or (c) if the Claim was listed on the Schedules as unliquidated, contingent or disputed and no Proof of Claim was filed, or deemed to have been filed, by the applicable Bar Date and the Claim has not been resolved by written agreement of the parties or an order of the Court, zero.

(bb)     "Effective Date" means the first Business Day on which all conditions to the consummation of the Plan set forth in Article VIII hereof have been satisfied or waived and is the day upon which the Plan is substantially consummated.

(cc)     "Estate" means the bankruptcy estate of the Debtor in this Case created under Bankruptcy Code section 541.

(dd)     "Exhibit" means an exhibit attached to either this Plan or attached as an appendix to the Disclosure Statement.

(ee)     "File, Filed or Filing" means file, filed or filing with the Court or its authorized designee in the Bankruptcy Case.

(ff)     "Final Order" means an order of a court: (a) as to which the time to appeal, petition for writ of certiorari, or otherwise seek appellate review or to move for reargument, rehearing, or reconsideration has expired and as to which no appeal, petition for writ

of certiorari, or other appellate review, or proceedings for reargument, rehearing, or reconsideration shall then be pending; (b) as to which any right to appeal, petition for certiorari, or move for reargument, rehearing, or reconsideration shall have been waived in writing by the party with such right; or (c) in the event that an appeal, writ of certiorari, or other appellate review or reargument, rehearing, or reconsideration thereof has been sought, which shall have been affirmed by the highest court to which such order was appealed, from which writ of certiorari or other appellate review or reargument, rehearing, or reconsideration was sought, and as to which the time to take any further appeal, to petition for writ of certiorari, to otherwise seek appellate review, and to move for reargument, rehearing, or reconsideration shall have expired; *provided, however*, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure or under section 1144 of the Bankruptcy Code, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order.

(gg)    "General Unsecured Claim" means a Claim against the Debtor that is not an Administrative Claim, a Priority Claim, a YA Global Secured Claim, or a Convenience Claim, and includes all claims related to the rejection of any executory contract or lease under 11 U.S.C. § 365 or the terms of the Plan.

(hh)    "Impaired" when used with reference to a Claim, interest or a Class, means a Claim, interest or a Class that is impaired within the meaning of Bankruptcy Code section 1124.

(ii)    "Interests" means the legal and equitable rights of ownership in the Debtor, including without limitation the right to share in the income, gains, losses, deductions, credit, and to receive distributions from the Debtor, and any right to vote or participate in the management of the Debtor.

(jj)    "Interest Holder" means the holder of an Interest.

(kk)    "Lien" means a charge against or interest in property to secure payment of a debt or performance of an obligation.

(ll)    "Loan Documents" means collectively the agreements and related documents executed by and between YA Global and the Debtor, or in favor of YA Global as the case may be, including without limitation (i) that certain Securities Purchase Agreement, dated as of December 20, 2006, (ii) those certain Convertible Debentures Nos. CLSC-1-1 dated December 20, 2006 and CLSC-1-2 dated February 20, 2007, (iii) that certain Security Agreement, effective as of December 20, 2006, and (iv) the UCC-1 Financing Statement, No. 2006041937-8, filed on December 20, 2006, in the office of the Secretary of State of Nevada.

(mm)    "New Cobalis" means the Debtor on and after the Effective Date.

(nn)    "Pending Appeal" means a pending action seeking appellate review of the Confirmation Order.

(oo)    "Person" means person as defined in Bankruptcy Code section 101(41).

(pp)    "Petition Date" means the date on which the involuntary petition was filed against the Debtor commencing the Bankruptcy Case.

(qq)    "Plan" means this plan of reorganization proposed by YA Global for the resolution of the outstanding Claims and Interests in the Bankruptcy Case, as such plan may be amended from time to time in accordance with the Bankruptcy Code and the Bankruptcy Rules, and as provided herein.

(rr)    "Plan Dividend" is the payment New Cobalis shall make on a Pro-Rata basis to holders of General Unsecured Claims as provided for in Article V (A)(2) of the Plan.

(ss)    "Plan Documents" means the Plan, the Exhibits, and any contract, instrument or other agreement or document created in connection with the Plan.

(tt)    "Plan Supplement(s)" means the compilation(s) of documents, forms of documents, and Exhibits, specified in the Plan, that YA Global will file with the Court on or before the date that is (a) five days prior to the Voting Deadline or (b) set by the Court for the filing of such documents, forms of documents, and Exhibits.

(uu)    "Priority Claim" means a Claim against the Debtor entitled to priority under Bankruptcy Code section 507(a), other than an Administrative Claim, including without limitation all tax Claims entitled to priority under Bankruptcy Code section 507(a)(8).

(vv)    "Pro-Rata" means, at any time, the proportion that the Allowed Amount of a Claim in a particular Class bears to the aggregate Allowed Amount of all Claims (including Disputed Claims, but excluding Disallowed Claims) in such Class, unless the Plan provides otherwise.

(ww)    "Professional" means any professional employed in the Bankruptcy Case pursuant to Bankruptcy Code sections 327 or 1103.

(xx)    "Professional Fee Claim" means a Claim of a Professional pursuant to Bankruptcy Code sections 327, 328, 330, 331, 503(b) or 1103 for compensation or reimbursement of costs and expenses relating to services performed after the Petition Date and prior to and including the Effective Date.

(yy)    "Proof of Claim" means the proof of claim that must be filed by creditors in the Bankruptcy Case on or before the Bar Date.

(zz)    "Protected Parties" means (a) the Debtor; (b) New Cobalis; (c) YA Global an any of its Affiliates; (o) the present and former directors, officers, agents, attorneys, accountants, consultants, financial advisors, investment bankers, professionals, experts, and employees of any of the foregoing, in their respective capacities as such; *provided*, *however*, that the term "Protected Parties" does not include those parties expressly identified on **Exhibit F**.

(aaa)    "Scheduled" means, with respect to any Claim, the status and amount, if any, of that Claim as set forth in the Schedules.

(bbb)  "Schedules" means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor, as such schedules or statements have been or may be further amended or supplemented from time to time in accordance with Bankruptcy Rule 1009 or any orders of the Court.

(ccc)  "Taxes" means any and all taxes, levies, imposts, assessments or other charges of whatever nature imposed at any time by any governmental authority or by any political subdivision or taxing authority thereof or therein and all interest, penalties or similar liabilities with respect thereto.

(ddd)  "Unimpaired" with reference to a Claim or Class means a Claim or Class that is not impaired within the meaning of Bankruptcy Code section 1124.

(eee)  "Voting Deadline" means the date and time, as fixed by an order of the Court and set forth in the Disclosure Statement, by which all Ballots to accept or reject the Plan must be received in order to be counted.

(fff)  "Voting Record Date" means the date of entry of an order of the Court approving the Disclosure Statement.

(ggg)  "YA Global" means YA Global Investments, L.P., f/k/a Cornell Capital Partners, L.P.

(hhh)  "YA Global Secured Claims" means the Claims of YA Global under and pursuant to the Loan Documents, as evidenced in part by the Proof Claim filed in the Court's register as Claim No. 6, which Claims shall be deemed Allowed by the Confirmation Order, and which are classified under the Plan as Class 2.

## C.     Rules of Interpretation

For purposes of the Plan (a) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, (b) any reference in the Plan to an existing document or exhibit Filed or to be Filed means such document or exhibit as it may have been or may be amended, modified, or supplemented, (c) unless otherwise specified, all references in the Plan to Sections, Articles, Schedules and Exhibits are references to Sections, Articles, Schedules and Exhibits of or to the Plan, (d) the words "herein" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan, (e) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan and the rules of construction set forth in Bankruptcy Code section 102 and in the Bankruptcy Rules shall apply.

## D.     Computation of Time

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

E.      **Governing Law**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) and except as otherwise provided herein or therein, the laws of the State of Nevada shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise required by applicable non-bankruptcy law.

# ARTICLE II

# CLASSIFICATION OF CLAIMS AND INTERESTS

A.      **Introduction**

All Claims and Interests, except Administrative Claims, are placed in the Classes set forth below.  In accordance with Bankruptcy Code section 1123(a)(1), Administrative Claims have not been classified.

A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class, and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes.  A Claim is also placed in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released or otherwise settled prior to the Effective Date.

B.      **Unclassified Claims (not entitled to vote on the Plan)**

    1.      *Administrative Claims*

C.      **Unimpaired Classes of Claims (deemed to have accepted the Plan and not entitled to vote on the Plan)**

    1.      *Class 1:  Priority Claims*

D.      **Impaired Classes of Claims (entitled to vote on the Plan)**

    1.      *Class 2:  YA Global Secured Claims*

    2.      *Class 3:  General Unsecured Claims*

    3.      *Class 4:  Convenience Class Claims*

E.      **Impaired Classes of Interests (deemed to have rejected the Plan and not entitled to vote on the Plan)**

    1.      *Class 5:  Interests*

# ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS

**A. Unclassified Claims**

    1.    *Administrative Claims*

Except as otherwise provided herein, and subject to the requirements of this Plan, on, or as soon as reasonably practicable after the later of (i) the Effective Date or (ii) the date such Administrative Claim becomes an Allowed Administrative Claim, a holder of an Allowed Administrative Claim shall receive from New Cobalis, in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Administrative Claim, (a) Cash equal to the unpaid portion of the Allowed Amount of such Allowed Administrative Claim or (b) such other treatment as to which such holder and New Cobalis shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Bankruptcy Case may be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.

**B. Unimpaired Claims**

    1.    *Class 1: Priority Claims*

Except as otherwise provided herein, and subject to the requirements of this Plan, on, or as soon as reasonably practicable after the Effective Date, a holder of an Allowed Priority Claim shall receive from New Cobalis, in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Priority Claim, (a) Cash equal to the unpaid portion of the Allowed Amount of such Allowed Priority Tax Claim or (b) such other treatment as to which such holder and New Cobalis shall have agreed upon in writing; provided, however, that New Cobalis shall have the right to pay any Allowed Priority Claim, or any remaining balance of any Allowed Priority Claim, in full at any time on or after the Effective Date without premium or penalty to the extent permitted under applicable non-bankruptcy law.

**C. Impaired Claims**

    1.    *Class 2: YA Global Secured Claims*

On the Effective Date, YA Global shall receive in full satisfaction, release and discharge of and in exchange for all YA Global Secured Claims against the Debtor, which YA Global Secured Claims shall be deemed Allowed by the Confirmation Order, one-hundred percent of the equity interest in New Cobalis.

    2.    *Class 3: General Unsecured Claims*

On, or as soon as reasonably practicable after, the later of (i) the Effective Date, or (ii) the date immediately following the date such General Unsecured Claim becomes an Allowed General Unsecured Claim, each holder of an Allowed General Unsecured Claim shall receive, in

full satisfaction, settlement, release and discharge of and in exchange for such Allowed General Unsecured Claim, the right to a Pro-Rata share of the Plan Dividend.

3.     *Class 4: Convenience Claims*

On, or as soon as reasonably practicable after the Effective Date, each holder of an Allowed Convenience Class Claim shall, in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Convenience Class Claim, receive from New Cobalis, in full satisfaction, settlement, release and discharge of an in exchange for such Convenience Class Claim, the lesser of (i) $500 or (ii) the Allowed Amount of such Claim.

## D.     Interests

1.     *Class 5: Interests*

On the Effective Date, the Interests shall be canceled and each holder thereof shall not be entitled to, and shall not receive or retain any property or interest in property on account of, such Interests. Class 5 is deemed to have rejected the Plan and, therefore, holders of Interests are not entitled to vote to accept or reject the Plan.

## E.     Allowed Claims

Distributions shall only be made to holders of Allowed Claims. No holder of a Disputed Claim will receive any distribution on account thereof until (and then only to the extent that) its Disputed Claim becomes an Allowed Claim. New Cobalis may, in its discretion, withhold distributions otherwise due hereunder to any Claimholder until such time as objections thereto may be filed. Any holder of a Claim that becomes an Allowed Claim after the Effective Date will receive its distribution in accordance with the terms and provisions of this Plan and the Confirmation Order.

## F.     Reservation of Rights to Object to Claims

Unless a Claim is expressly described as an Allowed Claim pursuant to or under this Plan, or otherwise becomes an Allowed Claim prior to or after the Effective Date, New Cobalis shall retain the right to object and shall be deemed to have reserved any and all objections to any and all Claims and motions or requests for the payment of Claims, whether administrative expense, priority, secured or unsecured, including, without limitation, any and all objections to the validity or amount of any and all alleged Claims and security interests, whether under the Bankruptcy Code, other applicable law or contract. The Debtor's failure to object to any Claim in the bankruptcy case shall be without prejudice to New Cobalis' rights to contest or otherwise defend against such Claim in the Bankruptcy Court when and if such Claim is sought to be enforced by the holder of such Claimholder.

## G.     Objections to Claims

Unless otherwise provided in the Plan or by order of the Bankruptcy Court, any objections to Claims will be filed and served not later than 120 days after the Effective Date, provided that New Cobalis may request (and the Bankruptcy Court may grant) an extension of

such deadline by filing a motion with the Bankruptcy Court, based upon a reasonable exercise of New Cobalis' business judgment.  A motion seeking to extend the deadline to object to any Claim shall not be deemed an amendment to the Plan.

## ARTICLE IV

## ACCEPTANCE OR REJECTION OF THE PLAN

**A.  Impaired Classes of Claims Entitled to Vote**

Subject to Article III of the Plan, Claimholders in each impaired Class of Claims as of the Voting Record Date are entitled to vote as a Class to accept or reject the Plan.

**B.  Acceptance by an Impaired Class**

In accordance with Bankruptcy Code section 1126(c) and except as provided in Bankruptcy Code section 1126(c), an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan.

**C.  Presumed Acceptances by Unimpaired Classes**

Classes 1 is Unimpaired by the Plan.  Under Bankruptcy Code section 1126(f), such Claimholders are conclusively presumed to accept the Plan, and the votes of such Claimholders will not be solicited.

**D.  Classes Deemed to Reject Plan**

Interest Holders in Class 5 are not entitled to receive or retain any property under the Plan.  Under Bankruptcy Code section 1126(g), holders of Interests in Class 5 are deemed to reject the Plan, and the votes of such Interest Holders will not be solicited.

**E.  Summary of Classes Voting on the Plan**

The votes of Claimholders in Classes 2, 3, and 4, will be solicited with respect to the Plan.

**F.  Confirmation Pursuant to Bankruptcy Code section 1129(b)**

Because Class 5 is deemed to reject the Plan, and because other impaired Classes may reject the Plan, YA Global will seek Confirmation of the Plan from the Court under the procedures set forth in section 1129(b) of the Bankruptcy Code.  YA Global reserves the right to alter, amend, modify, revoke or withdraw the Plan or any Plan Exhibit or schedule as may be necessary to satisfy the requirements of Bankruptcy Code section 1129(b).

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

**A.      Sources for Plan Distributions**

Upon the Effective Date, all assets of the Estate shall be distributed in accordance with the terms of Article III of this Plan as follows:

1.      *Vesting of Assets in New Cobalis*

All assets of the Estate shall vest in New Cobalis, and YA Global shall receive one-hundred percent of the equity interest in New Cobalis.

2.      *The Plan Dividend*

For each of the first two years following the Effective Date, New Cobalis shall pay, on a Pro-Rata basis, to holders of Allowed General Unsecured Claims an amount equal to 20 percent of the earnings before interest, taxation, depreciation, and amortization (as such terms are defined by generally accepted accounting practices) realized by New Cobalis for the prior 12 month-period ending on the anniversary of the Effective Date.  Each of the two Plan Dividend payments shall be delivered within 90-days following the first and second anniversary of the Effective Date, respectively.

**B.      Corporate Action**

1.      *Amended and Restated Articles of Incorporation and Bylaws of New Cobalis*

On and as of the Effective Date, the adoption of the Amended and Restated Articles of Incorporation of New Cobalis, the form of which is **Exhibit A** to the Plan, and the Amended and Restated By-Laws of New Cobalis, the form of which is **Exhibit B** to the Plan, and any other related documents or resolutions, shall be deemed to have occurred and be effective without any further action by the directors, officers or shareholders of the Debtor or New Cobalis.  On or prior to the Effective Date, YA Global, if required by applicable state law, shall cause to be filed with the Secretary of State of the appropriate jurisdiction the Amended and Restated Articles of Incorporation of New Cobalis and cause to be executed or filed any other related documents or resolutions as may be necessary.

2.      *Resignation and Appointment of Management*

On the Effective Date, all employees, managers, officers, directors, or other agents of the Debtor shall be deemed to have resigned, and the officers and directors of New Cobalis shall be deemed appointed and authorized to manage and direct New Cobalis.  The individuals designated to serve as officers and directors of New Cobalis are provided in **Exhibit C** of the Plan.

3.      *Cancellation of Existing Interests, Securities, and Agreements*

Except as otherwise provided in the Plan Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to Article III hereof, any promissory notes, share certificates, or other instruments evidencing any Claims or Interests, and all options, warrants, calls, rights, puts, awards, commitments, or any other agreements of any character to acquire such Interests shall be deemed canceled and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order or rule, and the obligations of the Debtor under the notes, certificates, and other agreements and instruments governing such Claims and Interests shall be discharged. The holders of or parties to such canceled notes, certificates, and other agreements and instruments shall have no rights arising from or relating to such notes, share certificates, and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to the Plan.

4. *Issuance of New Interests*

On the Effective Date, all legal and equitable rights of ownership in New Cobalis, including without limitation the right to share in the income, gains, losses, deductions, credit, and to receive distributions from New Cobalis, and any right to vote or participate in the management of New Cobalis, shall vest exclusively in YA Global. All share certificates evidencing YA Global's ownership of New Cobalis shall be issued to YA Global as soon as practically possible after the Effective Date.

5. *No Further Action*

Each of the matters provided for under the Plan involving the corporate structure of the Debtor or New Cobalis or corporate action to be taken by or required of the Debtor or New Cobalis shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement of further action by any Person.

6. *Effectuating Documents; Further Transactions*

Any other appropriate officer or authorized agent of the Debtor or New Cobalis shall be authorized to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

## C. Revesting of Assets in the Debtor

On the Effective Date, the Debtor's Estate shall revest in New Cobalis on the Confirmation Date in accordance with Bankruptcy Code section 1141(b) subject and limited, however, to the terms of the Plan and the Confirmation Order.

## D. Release of Liens

Except as otherwise provided in the Plan, the Confirmation Order or in any document, instrument or other agreement created in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, liens, encumbrances, security interests, or other interests against the property of the Estate shall be deemed cancelled and released.

**E.      Exemption from Certain Transfer Taxes**

Pursuant to Bankruptcy Code section 1146(a), any transfers from the Debtor or New Cobalis or to any other Person or entity pursuant to or in connection with the Plan shall not be subject to any stamp tax or similar tax, including without limitation state and county transfer and recordation taxes, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**F.      Transfer of Causes of Action; Settlement of Causes of Action**

1.      *Transfer of Causes of Action.*

In accordance with Bankruptcy Code section 1123(b)(3), all Causes of Action and other similar claims arising under applicable state laws, including, without limitation, fraudulent transfer claims, if any, and all other causes of action of a trustee and debtor-in-possession under the Bankruptcy Code, shall be vested in New Cobalis on the Effective Date.

2.      *Settlement of Causes of Action.*

At any time after the Confirmation Date but before the Effective Date, notwithstanding anything in this Plan to the contrary, the Debtor shall not settle any Causes of Action or seek the Court's approval thereof.  After the Effective Date, New Cobalis will determine whether to bring, settle, release, compromise, enforce or abandon such rights (or decline to do any of the foregoing) and Court approval in any such event shall not be required.

**G.      Effectuating Documents; Further Transactions**

The Debtor shall be authorized and hereby is directed to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan as requested by YA Global.

**ARTICLE VI**

**PROVISIONS GOVERNING DISTRIBUTIONS**

**A.      Distributions for Claims Allowed as of the Effective Date**

Except as otherwise provided herein, all distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made according to the terms of the Plan and the Confirmation Order.

**B.      Delivery of Undeliverable or Unclaimed Distributions**

1.      *Undeliverable and Unclaimed Distributions*

If the distribution to any holder of an Allowed Claim is returned to New Cobalis as undeliverable or is otherwise unclaimed, no further distributions shall be made to such holder unless and until New Cobalis is notified in writing of such holder's then-current address, at which time all missed distributions shall be made to such holder without interest.

Any holder of an Allowed Claim that does not assert a claim pursuant to this Plan for an undeliverable or unclaimed distribution within 120 days after the Effective Date shall be deemed to have forfeited its Claim for such undeliverable or unclaimed distribution and shall be forever barred and enjoined from asserting any such claim for an undeliverable or unclaimed distribution against New Cobalis and its respective agents, attorneys, representatives, employees or independent contractors, and/or any of its and their property. In such case, any Cash otherwise reserved for undeliverable or unclaimed distributions shall become the property of New Cobalis free of any restrictions thereon and notwithstanding any federal or state escheat laws to the contrary. Nothing contained in this Plan shall require New Cobalis to attempt to locate any holder of an Allowed Claim.

## C.    Means of Cash Payment

Cash payments made pursuant to this Plan shall be in U.S. dollars and shall be made at the option and in the sole discretion of New Cobalis by (i) checks drawn on or (ii) wire transfers from a domestic bank.

## D.    Withholding and Reporting Requirements

All distributions hereunder shall be subject to applicable legal withholding and reporting requirements and New Cobalis shall be authorized to take any and all actions necessary and appropriate to comply with such requirements. As a condition of making any distribution under the Plan, New Cobalis may require the holder of an Allowed Claim to provide such holder's taxpayer identification number, and such other information, certification or forms as necessary to comply with applicable tax reporting and withholding laws. Notwithstanding any other provision of this Plan, each entity receiving a distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction and payment of tax obligations on account of any such distribution.

## E.    Setoffs

Except as otherwise provided by the terms of the Plan, New Cobalis may, but shall not be required to, set off against any Claim and the payments or other distributions to be made under the Plan on account of the Claim, claims of any nature whatsoever that New Cobalis may have against the holder thereof, provided, that any such right of setoff that is exercised shall be allocated, first, to the principal amount of the related Claim, and thereafter to any interest portion thereof, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by New Cobalis of any such claim that New Cobalis may have against such holder.

**F.      Procedure for Treating and Resolving Disputed, Contingent and/or Unliquidated Claims**

1.      *Prosecution of Objections*

From and after the Effective Date, New Cobalis may settle or compromise any Disputed Claim without approval of the Court.  Nothing contained herein, however, shall limit the right of Cobalis to object to Claims, if any, filed or amended after the Effective Date.

2.      *No Distributions Pending Allowance*

Notwithstanding any other provision of the Plan, no payments or distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim.

3.      *De Minimis Distributions*

Debtor or New Cobalis shall have no obligation to make any distribution, whether final or not, unless and until the total amount of such distribution to a specific holder of an Allowed Claim is equal to or greater than $100.00.

**G.      Fractional Dollars**

Any other provision of this Plan notwithstanding, Debtor or New Cobalis shall not be required to make distributions or payments of fractions of dollars.  Whenever any payment of a fraction of a dollar under this plan would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

# ARTICLE VII

## TREATMENT OF EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES

**A.      Rejected Contracts and Leases**

Except as otherwise provided in the Plan Documents, each of the executory contracts and unexpired leases to which the Debtor is a party, including but not limited to agreements entered into during the pendency of this Case, shall be deemed automatically rejected as of the Effective Date, unless such contract or lease (i) previously has been assumed by the Debtor as approved by a Final Order, (ii) expired or terminated pursuant to its own terms, or (iii) is listed on **Exhibit D** of the Plan; provided, however, that nothing contained in this Plan shall constitute an admission that any such contract or lease is an executory contract or unexpired lease or that the Debtor or New Cobalis has any liability thereunder.  The Confirmation Order shall constitute an order of the Court approving the rejections, pursuant to Bankruptcy Code section 365, as of the Effective Date.

**B.      Rejection Damages Bar Date**

If the rejection of an executory contract or unexpired lease above gives rise to a Claim by the other party or parties to such contract or lease, or if an executory contract or unexpired lease has already been rejected by the Debtor and no bar date has been established pursuant to the Bar Date Order or otherwise with respect to such Claim, such Claim shall be forever barred and shall not be enforceable unless a proof of claim is filed with the Court and served on New Cobalis within thirty days after service of the earlier of (a) notice of entry of the Confirmation Order or (b) other notice that the executory contract or unexpired lease has been rejected.

# ARTICLE VIII

## CONDITIONS PRECEDENT TO CONFIRMATION
## AND CONSUMMATION OF THE PLAN

**A.      Conditions to Confirmation**

The following are conditions precedent to Confirmation of the Plan:

1.      The Court shall have entered an order approving the Disclosure Statement as containing adequate information within the meaning of Bankruptcy Code section 1125.

2.      The Plan satisfies each of the requirements of Bankruptcy Code section 1129 as applicable.

3.      The proposed Confirmation Order shall be in form and substance acceptable to YA Global.

## B.    Conditions to Effective Date

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in accordance with Article VIII hereof:

1.    The Confirmation Order shall have been entered on the docket in the Bankruptcy Case and shall have become a Final Order and not stayed by a Court of competent jurisdiction.

2.    The Confirmation Order shall provide that:

    (a)    the contracts and leases listed on **Exhibit D** are assumed by New Cobalis;

    (b)    all property of the Estate shall be vested in New Cobalis free and clear of all Liens, Claims, and other interests;

    (c)    the Debtor shall not use, spend or encumber any of the Cash or cash equivalents that the Debtor has on hand or otherwise owns, controls or receives on and from the Confirmation Date to and including the Effective Date; and

    (d)    the injunction and exculpation provisions in the Plan are approved and ordered.

3.    The Confirmation Order and all Plan Exhibits shall be in form and substance reasonably acceptable YA Global.

4.    All actions, documents and agreements necessary to implement the Plan shall have been effected or executed.

5.    The Plan shall not have been withdrawn by YA Global.

## C.    Waiver of Conditions

Each of the conditions to the Effective Date above may be waived in whole or in part by YA Global without any other notice to parties-in-interest or the Court.  The failure to satisfy or waive any condition to the Effective Date may be asserted by YA Global regardless of the circumstances giving rise to the failure of such condition to be satisfied.  The failure of YA Global to exercise any of its foregoing rights shall not be deemed a waiver of any of its other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

## D.    Consequences of Non-Occurrence of Effective Date

If the Effective Date does not occur within 60 days following the Confirmation Date, then upon motion by YA Global and upon notice to such parties in interest as the Court may direct, (a) the Plan shall be null and void in all respects; and (b) any settlement of claims shall be null and void without further order of the Court.

# ARTICLE IX

## ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS

**A.    Professional Fee Claims**

1.    *Final Fee Applications*

All final requests for payment of Professional Fee Claims (the "<u>Final Fee Applications</u>") must be Filed no later than 20 days after the Effective Date.  Objections, if any, to Final Fee Applications of such Professionals must be Filed and served on New Cobalis, the requesting Professional and the Office of the United States Trustee no later than 30 days from the date on which each such Final Fee Application is served and filed.  After notice and a hearing, the allowed amounts of such Professional Fee Claims shall be determined by the Court.

2.    *Employment of Professionals after the Effective Date*

From and after the Effective Date, any requirement that professionals comply with Bankruptcy Code sections 327 through 331 or any order previously entered by the Court in seeking retention or compensation for services rendered or expenses incurred after such date will terminate.

# ARTICLE X

## EFFECTS OF CONFIRMATION

**A.    Binding Effect**

The Plan shall be binding upon and inure to the benefit of the Debtor, New Cobalis, all present and former holders of Claims and Interests (and their respective successors and assigns, including), whether or not such holders vote for or against the Plan and whether or not such holders will receive or retain any property or interest in property under the Plan.

**B.    Discharge**

Pursuant to Bankruptcy Code sections 1141(c) and (d), Confirmation will discharge Claims against the Debtor and New Cobalis.

**C.    Injunction**

<u>Except as otherwise provided in the Plan, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtor are permanently enjoined from taking any of the following actions against the Protected Parties or any of their respective property on account of any such Claims or Interests: (A) commencing or continuing, in any manner or in any place any action or other proceeding; (B) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting or enforcing any lien, lis pendens, or other encumbrance against their property; (D) asserting a setoff, right of subrogation or</u>

recoupment of any kind against any debt, liability or obligation due to a Protected Party; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan and the Confirmation Order.

## D.    Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Bankruptcy Case under Bankruptcy Code section 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.  Upon the Effective Date, the injunction provided in Article X.C above shall apply.

## E.    Compromises and Settlements

Following the Confirmation Date, the Debtor shall have no right to compromise and settle Claims against it and claims that it may have against other Persons, or to seek Court approval thereof absent the express written consent of YA Global.  Following the Effective Date, New Cobalis shall have the exclusive right to compromise and settle Claims against the Estate and claims that it may have against other Persons without need for Court approval.

## F.    Satisfaction of Subordination Rights

All Claims against the Debtor and all rights and claims between or among Claimholders relating in any manner whatsoever to distributions on account of Claims against or Interests in the Debtor, based upon any subordination rights, whether asserted or unasserted, legal or equitable, shall be deemed satisfied by the distributions under the Plan to Claimholders or Interest Holders having such subordination rights, and such subordination rights shall be deemed waived, released, discharged and terminated as of the Effective Date.  Distributions to the various Classes of Claims hereunder shall not be subject to levy, garnishment, attachment, or like legal process by any Claimholder or Interest Holder by reason of any subordination rights or otherwise, so that each Claimholder shall have and receive the benefit of the distributions in the manner set forth in the Plan.

## G.    Exculpation and Limitation of Liability

Except as otherwise specifically provided in this Plan, the Protected Parties, shall not have or incur any claim, obligation, cause of action or liability to one another or to any Claimholder or Interest Holder, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or Affiliates, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date in connection with, relating to, or arising out of the Debtor, the Bankruptcy Case, negotiation and filing of the Plan, filing the Bankruptcy Case, the pursuit of Confirmation of the Plan, the consummation and administration of the Plan, the property to be distributed under the Plan or the calculation, payment or non-payment of the Plan Dividend, except for their willful misconduct, gross negligence, or fraud as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

# ARTICLE XI

## RETENTION OF JURISDICTION

Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order, substantial consummation of the Plan and occurrence of the Effective Date, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Bankruptcy Case and the Plan, including, among other things, jurisdiction to:

A. Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim, the resolution of any objections to the allowance or priority of Claims or Interests and the determination of requests for the payment of claims entitled to priority under Bankruptcy Code section 507(a)(1), including compensation of any reimbursement of expenses of parties entitled thereto;

B. Hear and determine all applications for compensation and reimbursement of expenses of Professionals under the Plan or under Bankruptcy Code sections 330, 331, 503(b), 1103, and 1129(a)(4);

C. Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

D. Effectuate performance of and payments under the provisions of the Plan;

E. Hear and determine any and all adversary proceedings, motions, applications and contested or litigated matters arising out of, under or related to the Bankruptcy Case, or the Plan;

F. Enter such orders as may be necessary or appropriate to execute, implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

G. Hear and determine disputes arising in connection with the interpretation, implementation, consummation or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection with the Plan;

H. Consider any modifications of the Plan, cure any defect or omission or reconcile any inconsistency in any order of the Court, including, without limitation, the Confirmation Order;

I. Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with implementation, consummation, or enforcement of the Plan or the Confirmation Order;

J.     Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified or vacated;

K.     Hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

L.     Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Bankruptcy Case and the Plan;

M.     Except as otherwise limited herein, recover all assets of the Debtor and property of the Estate, wherever located;

N.     Hear and determine matters concerning state, local and federal taxes in accordance with Bankruptcy Code sections 346, 505 and 1146;

O.     Hear and determine all disputes involving the existence, nature or scope of the injunctions, indemnification, exculpation and releases granted pursuant to this Plan;

P.     Hear and determine all matters related to (i) the property of the Estate from and after the Confirmation Date, (ii) the transfer of the Debtor's affairs to New Cobalis, and (iii) the activities of the Debtor, including (A) challenges to or approvals of the Debtor's activities, and (B) reporting by and accounting by the Debtor;

Q.     Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code; and

R.     Enter a final decree closing the Bankruptcy Case.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

**A.     Modifications and Amendments**

YA Global may alter, amend, or modify the Plan or any Exhibits thereto under Bankruptcy Code section 1127(a) at any time prior to the Confirmation Date.  After the Confirmation Date and prior to substantial consummation of the Plan as defined in Bankruptcy Code section 1101(2), YA Global may, under Bankruptcy Code section 1127(b), institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of holders of Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Court.

## B.    Severability of Plan Provisions

If, prior to Confirmation, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, then the Court, at the request of YA Global, subject to the requirements of sections 1127 and 1125 of the Bankruptcy Code, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## C.    Successors and Assigns

The rights, benefits and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of that Person.

## D.    Payment of Statutory Fees

All fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date. The U.S. Trustee shall not be required to file a request for payment of its quarterly fees, which shall be deemed an Allowed Administrative Claim. Prior to the Effective Date, the Debtor shall submit any pre-confirmation monthly operating reports not submitted as of the Confirmation hearing in conformance with the applicable guidelines and procedures of the U.S. Trustee.

## E.    Revocation, Withdrawal or Non-Consummation

YA Global reserves the right to revoke or withdraw the Plan prior to the Confirmation Date and to move the Court for the conversion or dismissal of the Bankruptcy Case. If YA Global revokes or withdraws the Plan, or if Confirmation or consummation of the Plan does not occur then: (a) the Plan shall be null and void in all respects; (b) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), assumption or rejection of executory contracts or leases effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; (c) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any interests in, the Debtor or any other Person, (ii) prejudice in any manner the rights of YA Global or any other Person or (iii) constitute an admission of any sort by YA Global or any other Person.

**F.      Service of Documents**

Any notice, request or demand required or permitted to be made or provided to or upon New Cobalis or YA Global under the Plan shall be (a) in writing, (b) served on New Cobalis and YA Global by (i) certified mail, (ii) hand delivery, (iii) overnight delivery service, (iv) first class mail or (v) electronic mail, (c) deemed to have been duly given or made when actually delivered or, in the case of notice by electronic mail, when received and confirmed by corresponding electronic mail and (d) addressed as follows:

C/O:
BAKER BOTTS L.L.P.
Attn: C. Luckey McDowell
2001 Ross Avenue
Dallas, Texas  75201-2980
Email: *luckey.mcdowell@bakerbotts.com*

**G.      Plan Supplement(s)**

Exhibits to the Plan not attached hereto shall be filed in one or more Plan Supplements no less than five days prior to the Voting Deadline.  Any Plan Supplement (and amendments thereto) shall be deemed an integral part of the Plan and shall be incorporated by reference as if fully set forth herein.  Substantially contemporaneously with their filing, the Plan Supplements may be viewed at the office of the clerk of the Court or its designee during normal business hours, or by visiting the Court's website at http://www.cacb.uscourts.gov/.  Holders of Claims and/or Interests may obtain a copy of any Plan Supplements upon request to counsel for YA Global.  The documents contained in any Plan Supplements shall be approved by the Bankruptcy Court pursuant to the Confirmation Order.

Dated: August 11, 2009


**YA GLOBAL INVESTMENTS, L.P.,**
**F/K/A CORNELL CAPITAL PARTNERS, L.P.**