Robert P. Goe - State Bar No. 137019
Elizabeth A. LaRocque - State Bar No. 219977
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
Telephone:   (949) 798-2460
Facsimile:    (949) 955-9437
E-mail:    rgoe@goeforlaw.com
             elarocque@goeforlaw.com

Attorneys for Cobalis Corporation, Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### (SANTA ANA DIVISION)

| | |
|---|---|
| In re<br><br>COBALIS CORPORATION,<br><br>Debtor. | Case No. 8:07-bk-12347-TA<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, AND KEVIN PRENDIVILLE IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:          February 3, 2010<br>Time:         2:00 p.m.<br>Courtroom:  5B |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

Cobalis Corporation ("Cobalis"), Debtor and Debtor in possession herein ("Debtor"), hereby files its opposition to YA Global Investments, L.P.'s ("YA Global") Motion to Compel Debtor to Produce Responsive Documents ("Motion").

///

///

## I.

## **FACTS**

As will be discussed herein, the Motion is not well founded and is in violation of the Local Bankruptcy Rules and the Federal Rules of Bankruptcy Procedures. Therefore it must be denied. That is not to say that the Debtor will not fully and completely cooperate in producing documents and producing witnesses both in relation to the Claim Estimation proceeding and Plan Confirmation. It has and will. As discussed herein, it is not so much that YA Global complains documents have not been produced as much as it complains that there should be other documents.

To date, Debtor has produced over 6,000 pages of documents to YA Global with more to follow. See Declaration of Robert P. Goe ("Goe Declaration") and **Exhibit 1** attached thereto.

In connection with the Claims Estimation proceeding set for March 10, 2010, Debtor served seven (7) third-party subpoenas (**Exhibit 2** to the Goe Declaration) to stock transfer agents and other entities. In order to provide adequate notice, such third parties were provided until January 15, 2010 to respond. Debtor is having some difficulty with certain parties but the documents are coming in and being provided promptly to YA Global. Further, YA Global will have conducted eight (8) depositions during the week of January 18-22, 2010 of current and former representatives of the Debtor (including a 30(b)(6) representative) to which Debtor's counsel has not interposed a single objection, other than to advise the deponent not to divulge attorney-client protected communication.

In connection with the Plan Confirmation hearing, on October 29, 2009, Debtor produced 1,840 pages of documents (see Exhibit C to the Motion). It was not until <u>46 days later</u> that YA Global complained about a handful of documents that were purportedly not provided (see Exhibit A to the Motion). Debtor provided those additional documents which it possessed pursuant to the Exhibit C letter. Concerning Board Minutes, the attached declaration of Kevin Prendiville ("Prendiville Declaration") addresses that for certain time periods they were not prepared and therefore cannot be produced. Dr. Prendiville testified at his deposition on January 19, 2010 in accordance therewith.

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine, CA 92612

2

DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

The Court has set extremely tight schedules for the Claim Estimation and Plan Confirmation proceedings. Both the Debtor and YA Global's counsel have been working closely together and have exchanged thousands of pages of documents and scheduled over a dozen depositions. The Motion should be denied.

## II.

## THE MOTION FAILS TO COMPLY WITH LOCAL BANKRUPTCY RULE 7026(c)(2) AS THERE WAS NO MEETING OF COUNSEL, SUBMISSION OF A JOINT STIPULATION, OR A DECLARATION OF FAILURE TO COOPERATE

The Motion fails to provide that a meeting of counsel took place, that a joint stipulation was prepared, or that Debtor's counsel failed to cooperate. Thus the Motion must be denied.

Local Bankruptcy Rule 7026-1(c) provides:

> (2) Meeting of Counsel. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.
>
> (3) Moving Papers. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.
>
> > (A) The stipulation must be contained in one document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.
> >
> > (B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.
> >
> > (C) In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, <u>the court will not consider the discovery motion</u>.

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine, CA 02612

3
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

(4)     Cooperation of Counsel: Sanctions. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

First, there was no meeting of counsel. The declaration attached to the Motion does nothing more than authenticate four exhibits and is not in compliance with the meeting of counsel requirement. At this point the analysis ends under the Local Rules and as set forth in 7026-1(c)(3)(C) the Court will not consider the Motion.

Moreover, there was no stipulation prepared concerning alleged discovery issues, nor is there any declaration suggesting that Debtor's counsel did not cooperate in preparing such a stipulation. Based thereon, the Motion must be denied.

## III.

## IN CONNECTION WITH THE CLAIMS ESTIMATION PROCEEDING, DEBTOR HAS PRODUCED NEARLY 5,000 PAGES OF DOCUMENTS

Attached to the Goe Declaration as **Exhibit 1** is a true and correct copy of the Cobalis Document Inventory in connection with the Claims Estimation proceeding. Documents continue to be received through the third-party subpoenas which are being produced to YA Global promptly upon Debtor's receipt.

The process has moved extremely quickly since the Court entered its Estimation Order on November 23, 2009. But since then, Debtor has promptly moved forward in among other things, subpoenaing records from third parties. See **Exhibit 2** to Goe Declaration. As these documents are received, they are produced to YA Global. Concerning depositions, Debtor produced no less than eight (8) witnesses during the week of January 18-22, 2010 including a PMK pursuant to Bankruptcy Rule 30(b)(6). As stated above, no objections were made to any of the questions asked by YA Global's counsel.

Concerning internal emails, Debtor has explained to YA Global through numerous depositions that due to the turnover within management, much information has been lost. To the extent Debtor is able to obtain such documents they are being promptly produced to YA Global.

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine, CA 92612

4
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF
ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

Based on the failure to comply with the Local Rule as well as the fact that Debtor is in all respects cooperating with regard to the Claims Estimation discovery process, the Motion must be denied.

## IV.

## <u>CONCERNING PLAN CONFIRMATION, DEBTOR HAS ALSO FULLY COOPERATED AND HAS PRODUCED NEARLY 2,000 PAGES.</u>

As the Motion admits, on or about October 29, 2009 Debtor produced 1,840 pages of documents. Debtor did not hear anything for 46 days until December 14, 2009 when it received a letter from YA Global's counsel asking about 8 narrow topics (see Exhibit A to the Motion). Debtor has produced all documents it has that are responsive, but would respond to YA Global's three complaints as follows:

1. Board meetings, as set forth in the attached Prendiville Declaration, Minutes were simply not prepared for a number of months.

2. The second complaint has to do with Debtor's NOL but, as set forth on Exhibit B to the Motion, which is Bates Stamp page 1630 produced by Debtor, Mr. Hitchcock states that he did not think there would be any impact on the NOL by virtue of the equity sales. The Court should also be aware that Mr. Hitchcock was deposed on January 20, 2010 and provided the same testimony.

3. The last issue concerns a legal statement that YA Global has been paid in full. It has to do with the on-going pending litigation where over nearly 5,000 pages of documents have already been produced.

///
///
///
///
///

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine, CA 92612

5
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

# V.

# CONCLUSION

Debtor has fully cooperated in connection with producing documents concerning Plan Confirmation and Estimation and will be producing a number of witnesses at YA Global's request for depositions. Further, the Motion does not comply with the Local Rules and must be denied.

Dated: January 21, 2010

          Respectfully submitted by:

          GOE & FORSYTHE, LLP

          By: _____
              Robert P. Goe
              Counsel to Debtor and Debtor in Possession

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine< CA 92612

6
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

## DECLARATION OF ROBERT P. GOE

I, Robert P. Goe, declare and state:

I am a partner at the law firm of Goe & Forsythe, LLP, general counsel for Cobalis Corporation, Debtor and Debtor in Possession herein ("Debtor"). I have personal knowledge of the facts set forth herein and if called upon as a witness, I could and would competently testify thereto.

1. I submit this Declaration in opposition to YA Global's Motion to Compel Debtor to Produce Responsive Documents.

2. In September 2009, YA Global propounded interrogatories, document requests and request for a Rule 30(b)(6) deposition to the Debtor. Debtor timely responded and YA Global withdrew the deposition request at the time.

3. On October 29, 2009, my office produced 1,840 pages of documents to YA Global.

4. Thereafter, I heard nothing until I received the December 14, 2009 letter from YA Global's counsel which outlined limited topics for production. I worked with my clients to obtain whatever documents were available which were subsequently produced.

5. In connection with the Claims Estimation proceeding, I prepared seven (7) subpoenas, which were sent to various companies that were involved in the trading of Debtor's stock. Attached hereto as **Exhibit 2** are true and correct copies of those subpoenas, which stated that documents would be produced by January 15, 2010. In connection with the subpoenas, Debtor's special counsel, Levey Filler, is heading up that matter. As those documents have been produced, I am informed that Levey Filler has been promptly sending them to YA Global.

6. Further, Levey Filler has produced to date nearly 5,000 pages of documents as set forth on the Cobalis Document Inventory, which is attached hereto as **Exhibit 1**. Every effort has been made to produce all documents to YA Global in connection with the Estimation proceeding.

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine, CA 92612

7
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

7. Finally, in connection with the Estimation Proceeding, during the week of January 18-22, 2010, YA Global has taken the depositions of Chaslav Radovich, Radul Radovich, Kevin Prendiville, Ernest Armstrong, Will Hitchcock, B. Cosic, Tom Stankavich and Gerald Yakatan. Debtor facilitated each and every one of these depositions to allow the discovery process to proceed as smoothly as possible and not a single objection other than attorney client privilege was interposed.

8. Finally, in regards to compliance with Bankruptcy Rule 7026, there was never an effort to meet and confer nor was any stipulation ever prepared. I have been, as have the Levey Filler firm, been willing, able and available to cooperate in all respects with regard to discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated January 21, 2010.

_____
Robert P. Goe

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine< CA 92612

8
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

# DECLARATION OF KEVIN PRENDIVILLE

My name is Kevin Prendiville. I am over the age of 18 and make this declaration on my personal knowledge.

I am a member of the board of directors of Cobalis Corp. In that capacity, I understand that creditor's counsel in the Cobalis bankruptcy litigation seeks production of Cobalis board minutes for the period from January 8, 2008, through April 3, 2009.

The referenced period was a time of economic disruption of the business of Cobalis. Required written resolutions were made during that period, but we were then without the staff with which to create board minutes.

We have previously provided minutes from different time intervals, but – during the referenced interval – it is my present best recollection that no-one prepared written board minutes. Accordingly, there are no further writings of such minutes in existence.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 20th day of January, 2010.

_Kevin Prendiville_
Kevin Prendiville

| In re:<br>COBALIS CORPORATION<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:07-bk-12347-TA |
|---|---|

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.

A true and correct copy of the foregoing document described **DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, AND KEVIN PRENDIVILLE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 21, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒   Service information continued on attached page

**II. SERVED BY U.S. MAIL** ~~OR OVERNIGHT MAIL~~ (indicate method for each person or entity served):
On January 21, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY,** ~~FACSIMILE TRANSMISSION OR EMAIL~~ (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 21, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 21, 2010 | Kerry A. Murphy | /s/ Kerry A. Murphy |
|---|---|---|
| Date | Type Name | Signature |

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine, CA 92612

9
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF

# SERVICE LIST

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Phillip Ashman    mgolod@mcqueenashman.com, pashman@mcqueenashman.com;bkumamoto@mcqueenashman.com
- James C Bastian    jbastian@shbllp.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Theodore E Malpass    temalpass@aol.com
- Keith C Owens    kowens@foley.com
- Carmela Pagay    ctan@rdwlawcorp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Victor A Vilaplana    vavilaplana@foley.com

## II. SERVED BY U.S. MAIL

David Filler
Levey, Filler, Rodriguez, Kelso & DeBianchi, LLP
1688 Meridian Ave., Ste 902
Miami Beach, FL 33139

Stephen Madoni
3700 Newport Beach Blvd
Suite 206
Newport Beach, CA 92663

Gordon G May
2030 Main Street
Suite 1600
Irvine, CA 92614

## III. SERVED BY PERSONAL DELIVERY OR EMAIL

The Honorable Theodor C. Albert, USBC, 411 West Fourth St., Santa Ana, CA 92701 (Personal)
Luckey McDowell - luckey.mcdowell@bakerbotts.com (email)

GOE & FORSYTHE LLP
18101 Von Karman Ave., #510
Irvine< CA 92612

10
DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO PRODUCE RESPONSIVE DOCUMENTS; DECLARATIONS OF ROBERT P. GOE, DAVID FILLER AND KEVIN PRENDIVILLE IN SUPPORT THEREOF