Robert P. Goe (State Bar No. 137019)
Elizabeth A. LaRocque (State Bar No. 219977)
GOE & FORSYTHE, LLP
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
Telephone:    (949) 798-2460
Facsimile:    (949) 955-9437
E-mail:    rgoe@goeforlaw.com
            elarocque@goeforlaw.com

Attorneys for Cobalis Corporation, Reorganized Debtor

FILED & ENTERED

APR 15 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ngo        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**(SANTA ANA DIVISION)**

| | |
|---|---|
| In re<br><br>COBALIS CORPORATION,<br><br>Debtor. | Case No. 8:07-bk-12347-TA<br><br>Chapter 11<br><br>**ORDER DENYING MOTION TO AMEND FINAL FEE APPLICATION ORDER AND FOR SUPPLEMENTAL CLAIMS AND ALLOWANCE OF ADDITIONAL FEES OF T. EDWARD MALPASS, FORMER COUNSEL FOR REORGANIZED DEBTOR**<br><br>Hearing:<br>Date:    March 30, 2011<br>Time:    10:00 a.m.<br>Courtroom:    5B |

On March 30, 2011, a hearing was held before the Honorable Theodor C. Albert, United States Bankruptcy Judge, with respect to the Motion to Amend Final Fee Application Order (entered July 27, 2010) and for Supplemental Claims and Allowance of Additional Fees ("Motion") of T. Edward Malpass ("Malpass"), former counsel to Reorganized Debtor, Cobalis Corporation ("Debtor"). Robert P. Goe of Goe & Forsythe, LLP appeared on behalf of the Debtor. Malpass appeared on his own behalf, and Rey Olsen appeared in pro per.

The Court, after having considered the Motion, the objections thereto, and all documents on file, and good cause appearing therefore.

**IT IS HEREBY ORDERED** as follows:

1. The Motion is denied in its entirety; and
2. The Court's tentative ruling attached hereto as **Exhibit 1** is adopted by the Court as its final ruling.

# # #

DATED: April 15, 2011

*Theodor C. Albert*
United States Bankruptcy Judge

# EXHIBIT 1

# EXHIBIT 1

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| | |
|---|---|
| **Wednesday, March 30, 2011** | **Hearing Room**  **5B** |

**10:00 am**

**8:07-12347**    **Cobalis Corporation**    Chapter  11

**#34.00**    Motion to Amend Order Regarding Fee Application; Supplemental Claims and Allowance of Additional Fees
(cont'd from 1-27-11)

Docket #:  581

**Tentative Ruling:**

Tentative for 3/30/11:

   This is the 9th or perhaps the 10th hearing on the subject of Mr. Malpass' fees. All previous orders and tentative decisions are adopted herein as part of this ruling. The court at the last hearing on January 27, 2011 reluctantly gave applicant *one final opportunity* to file a supplemental brief containing case or statutory authority that might persuade the court that its earlier order denying any further fees (above $7500) as a sanction was in error or should be modified. This permission to file one final brief was given as a matter of grace, largely because applicant stated there were many authorities justifying what Mr. Malpass did on the subject of his fees. The opportunity was also given in sympathy for Mr. Malpass' claimed hardships.

   What the court received was Mr. Malpass' "Second Supplement to Request for Allowance and payment of Additional Fees…" *filed very late*, on March 25, 2011, only five calendar days before the hearing. Worse, despite the court's several previous pleas and warnings, no courtesy copy of this pleading was delivered to the court with the late filing, but rather one was tardily provided in the courtesy box Tuesday morning March 29, *only the day before the hearing.* This is particularly perplexing because: (1) this shows again Mr. Malpass' seeming indifference to the inconvenience these perpetually late pleadings cause to the court and to other parties in interest; and (2) Mr. Malpass is seeking forgiveness or latitude from some very questionable behavior and one might think he would therefore be especially attuned to behaving courteously now. Instead, the court and the debtor are obliged to drop everything in the preparation of several other weighty matters, just so that Mr. Malpass' last –minute pleading can be given some consideration. This unfortunately goes to a consistent theme one sees throughout this case. Mr. Malpass does not seem to "get it" that Chapter 11 is a procedurally intense environment where rules are important and their breach has consequences. Common courtesy seems also entirely lost in his approach.

   The court could simply rely on LBR 9013-1(d) and (h) and deny the motion outright. However, the court will instead, at great cost to its own calendar preparation and time, give a substantive

# United States Bankruptcy Court
## Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| Wednesday, March 30, 2011 | Hearing Room 5B |
|---|---|

### 10:00 am

**Cont....    Cobalis Corporation**                                                          **Chapter   11**

answer.

Most of the "Second Supplement…" is a rehash of what has been argued before.  What the court was expecting instead were the reported case authorities Mr. Malpass said supposedly provide some justification for his taking the $115,000, and spending it, without contemporaneous notice to anyone and without any opportunity for parties in interest or the court for review.  The authorities cited by Mr. Malpass fall far short.

The first question addressed is whether the monies paid by Mr. Stern for post petition issuance of more stock in the debtor make the money not "property of the estate."  Mr. Malpass appears to argue that since the alleged source of his $115,000 was from Mr. Stern's purchase of stock and was paid pursuant to a guaranty from Mr. Stern, this court simply has no power or authority to rule on the propriety or amount of fees. This is not the law.  It has been held that stock in the debtor is not property of the estate of the debtor. See e.g. *Decker v. Advantage Fund Ltd.*, 362 F 3d 593, 596 (9th Cir. 2004) citing *In re Mid-Amerca Petroleum ,Inc.,* 71 B.R. 140, 141 (Bankr. N.D.Tex. 1987); *In re Curry and Sorensen, Inc.,* 57 B.R. 824, 829 (9th Cir BAP 1986).  While this may be true this does not answer the question in this case.  Assuming without finding that even if the fees were paid with other than property of the estate, the court retains a supervisory role in determining the propriety and amount of fees under 11 U.S.C. §329 and FRBP 2014. *In re Boh! Ristorante, Inc.*, 99 B.R. 971, 972-74 (9th Cir. BAP1989) citing *In re Furniture Corporation of America*, 34 B.R. 46, 47 (Bankr. S.D.Fla. 1983); 3 <u>Collier on Bankruptcy</u>, ¶330.08[2][b] (16th Ed. 2010).  Even the single circuit case cited by Mr. Malpass which has held that fees not paid from property of the estate (such as from a guarantor) are not necessarily subject to allowance under §330 has also held that the court may still exercise supervisory power to review such fees under §329.  See *David & Hanger P.C. v. DHP, Inc.*, 171 B.R. 429, 434(Dist D.C. 1994) aff'd 70 F. 3d 637 (D.C.Cir.1995).

The order authorizing Mr. Malpass' employment and authorizing a *Knudsen*-type arrangement for interim draws specifically provided that it was to be on the identical terms as had governed Winthrop & Couchot's employment.  This included the requirement of interim notices of the amounts of fees to be paid upon notice to creditors, with opportunity to object and request a hearing.  Mr. Malpass ignored this requirement and simply took the money, amounting to $115,000 over a period of nearly two years.  Worse, he kept nothing in trust and apparently has spent all of it so it is not possible at this late date to do anything about the fees paid in practical terms, unless

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

**Wednesday, March 30, 2011**  **Hearing Room  5B**

**10:00 am**

**Cont....      Cobalis Corporation**                                                      **Chapter  11**

disgorgement were ordered. In other words, the ability of the court under §329 or otherwise to do anything in practical terms about the amount and nature of the first $115,000 in fees was completely defeated. Mr. Malpass tries to make some kind of an issue about the forms of notices used by Winthrop & Couchot being inappropriately amended from the standard as these generally govern prepetition retainers, not third party payments. But so what? This is quite aside from the issue; the issue is whether creditors and parties in interest were given *any* notice of what was happening regarding fees, and whether the court was given any practical ability to exert its supervisory role over employed counsel.

Mr. Malpass also complains that the amount of the sanction is too harsh under the circumstances. The court is aware that if the source of payment is non-estate property such as a guaranty this factor might with other circumstances influence the degree of appropriate sanction. See e.g. *In re Boh! Ristorante, supra*, 99 B.R. at 973 [complete denial of fees an excessive sanction]. However, Mr. Malpass was allowed to keep $115,000 so that the estate would be spared the practical challenge of trying to enforce a disgorgement of this sum. The balance after an additional $7500 owed for earlier sanctions was denied (amounting to about another $127,000 by last count). This amounts to slightly over 50% giving full credit for everything additional Mr. Malpass has requested, full allowance of which is a very dubious proposition.

The court need not linger on Mr. Malpass last argument, that he is entitled to monitor proceedings and defend his fees at the expense of the estate. He may certainly monitor the proceedings, as should all creditors, but that is not the same thing as requiring the estate to pay for his efforts. With respect to fees for defending his fees, while in the ordinary case this might be allowable, at least to some extent, this is not the ordinary case. Here we have in the main Mr. Malpass' effort to undo the court's sanction and this is not compensable, particularly where the court disagrees with and has not sustained these efforts. Mr. Malpass cannot augment his recovery by perpetually seeking rehearing and re-argument of the same points previously denied.

*Deny*

----------------------------------------------------------------

Tentative for 1/27/11:

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

**Courtroom 5B Calendar**

**Wednesday, March 30, 2011**                                                                                           **Hearing Room    5B**

<u>10:00 am</u>

**Cont....       Cobalis Corporation**                                                                                                        **Chapter    11**

    Rather than filing a new motion for reconsideration, or seeking allowance of the requested fees, Mr. Malpass ("Malpass") has filed a "Notice of Hearing…" which references the docket numbers of pleadings he has filed in the past, mostly in connection with other hearings.  At the prior hearings, the Court noted that the matters were not properly before the Court because they were not properly noticed; arguably, Malpass has now corrected that defect, however awkwardly.  The Notice states that Malpass seeks fees of $106,000 but there is no explanation of how he arrives at that number.

    Malpass first references docket number 581, which is a Motion to Alter or Amend Order Regarding Fee Application.  That motion was never set for hearing before now, but the Court addressed it in a tentative for a hearing on 10/19/10:

> Regarding the "Motion to Alter or Amend…" the court had allowed Mr. Malpass $122,500, ordered his portion of joint and several sanctions paid but denied the balance of $74,000 he also sought  Insofar as the "Motion to Alter…" seeks reconsideration under FRCP 59 of the July 27 order, it is without merit.  First, reconsideration is not granted absent highly unusual circumstances unless the court is presented with newly discovered evidence, where the court committed clear error or there is an intervening change in controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000).  Neither newly discovered evidence nor change in law is even remotely applicable.  The court is also not persuaded that it made any error, much less clear error. Once again Mr. Malpass fails to come to grips with the main issue.  He argues that he made heroic efforts to save the debtor and the like.  This has already been acknowledged in the tentative on the June 23 hearing (and is the reason we are not talking about disgorgement at this time).  However, he still offers no acceptable reason or excuse for taking $115,000 over a period of some twenty months without notice or opportunity for hearing by any party.  The court is not persuaded that the monies funded by Mr. Stern apparently for new stock in the debtor (although exactly for what the money was paid has never been established) were not property of the

# United States Bankruptcy Court
# Central District of California

Santa Ana

**Judge Theodor Albert, Presiding**

**Courtroom 5B Calendar**

| | |
|---|---|
| **Wednesday, March 30, 2011** | **Hearing Room**   **5B** |

**10:00 am**

**Cont....**      **Cobalis Corporation**      **Chapter 11**

> estate, nor even if they were, would this somehow excuse what happened. The importance of what fee is taken or who gets employed by an estate and on what terms is not only a function of who is paying the bill. The order authorizing engagement, whereby Mr. Malpass was to be employed on the same terms as the Winthrop firm, required at the very least that the same periodic notices that firm sent out be likewise given by Mr. Malpass. This is the basis of all *Knudsen* type orders and is fundamental. The notices were not given. Worse, nothing was kept in trust but was instead all spent, so no party in interest effectively had any opportunity to comment or object about the value given or the amount of fees taken. This is not an unimportant matter nor is it something this court is inclined to ignore; it goes to the heart of the Chapter 11 process and the court's role in supervising allowance of professional fees. The argument about §329 is completely inapposite; this section cannot be read to circumvent §§327 and 330. Section 329 merely provides that the court also has jurisdiction to revisit transactions with attorneys up to one year *prior to* the petition date. The court regrets to hear of Mr. Malpass' health issues and his need for funds. But there is no "dire necessity" exception to the rules of procedure governing allowance of fees and expenses to professionals in bankruptcy cases, and the court would be remiss if it created one to benefit Mr. Malpass. This motion, to the extent it is on calendar, is denied.

There does not seem to be any reason for the Court to now change its decision with regard to this motion.

    The next docket entry is number 516, which is the Final Fee Application of the Law Offices of T. Edward Malpass Successor General Insolvency Counsel to Debtor and Debtor in Possession. A hearing was held on this motion on 6/23/10 and an order was entered on 7/27/10. A copy of that order is attached to Debtor's opposition as Exhibit 2. This motion has been resolved and does not need further consideration by the Court. To the extent Malpass seeks reconsideration of that order, the issue is addressed above.

# United States Bankruptcy Court
## Central District of California

Santa Ana

Judge Theodor Albert, Presiding

**Courtroom 5B Calendar**

**Wednesday, March 30, 2011**                                                              **Hearing Room**   **5B**

10:00 am

**Cont....**         **Cobalis Corporation**                                                                **Chapter**   **11**

    The next document is docket number 639, the Supplemental Declaration Regarding Additional Fees.  This document was filed on 10/15/10 in connection with a hearing on 10/19/10.  The fees sought in that Supplement are for June through September, 2010.  This time period is long after Malpass ceased his representation of Debtor, and all but $6,640.00 were incurred after the Court ruled on Malpass' Final Fee Application.  Malpass has provided no justification for allowing these fees.  The Court has ruled on his fees, and Malpass should be grateful that he did not have to disgorge the $115,000 he took without notice to anyone.  The same is true for the final document referred to in the Notice, docket number 710, the Notice of Continued Hearing on Requests for Allowance and Payment of Additional Fees; Second Supplement to Final Fee Application; Supplemental Memorandum of Points and Authorities, which was filed on 12/20/10 for the 12/22/10 hearing.  This Supplement seeks fees for the months of September through November 2010.  While Malpass may have standing to appear on the many post confirmation hearings as an administrative claimant (but no longer attorney for the debtor), this does not mean that he can also bill the estate or reorganized debtor for his time, at least absent some kind of a showing under §503(b)(3)(D) of a "substantial contribution."  No such showing is made.

    The court had thought based on his many comments that Malpass was going to file a brief citing the court to authorities holding for the proposition that funds gathered by retained professionals from sources other than the estate or from debtor, were not subject to the court's §§327-330 supervision.  The only authority the court has seen was *In re Mid-America Petroleum, Inc.*, 71 B.R. 140, 141 (Bankr. N.D. Tex. 1987) which stands for the unsurprising proposition that issuance of stock in the debtor is not an event governed by §363.  But this issue has already been analyzed in the court's tentative decision for the June 23, 2010 hearing [Debtor's Exhibit "2"] and need not be repeated here. The court firmly believes that its role in supervising the activities and compensation of retained professionals transcends the question of where the monies to pay fees originate.  Such a system as urged by Malpass would degenerate into a tangle of conflict and disinterestedness issues and the court would lack meaningful supervisory power over the activities of estate professionals.  Absent any authority, the court rejects any such approach as an invitation to disaster.

    This is now the 7th or 8th time the issue of Malpass' fees has been considered.  Malpass still has not come to grips with the main issue, the taking of the $115,000 without required notice or allowance.  The court is not inclined to further consider this issue or any post petition fees and

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

**Wednesday, March 30, 2011**                                                                                           **Hearing Room    5B**

10:00 am

**Cont....        Cobalis Corporation**                                                                                       **Chapter    11**

expenses not already awarded or denied, **and no leave is given to file anything further on the subject with this court.** If Malpass feels aggrieved regarding requests for allowance of fees already denied, his remedy at this point will rest with an appeal.

*Deny*

|                          Party Information                           |

Debtor(s):

    Cobalis Corporation                                Represented By
                                                        Robert P Goe

Movant(s):

    T. Edward Malpass                                   Represented By
                                                        John Burt
                                                        T Edward Malpass

| In re:<br>COBALIS CORPORATION<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12347-TA |
|---|---|

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.

A true and correct copy of the foregoing document described **ORDER DENYING MOTION TO AMEND FINAL FEE APPLICATION ORDER AND FOR SUPPLEMENTAL CLAIMS AND ALLOWANCE OF ADDITIONAL FEES OF T. EDWARD MALPASS, FORMER COUNSEL FOR REORGANIZED DEBTOR** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 30, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On March 30, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 30, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 30, 2011 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**GOE & FORSYTHE LLP**
18101 Von Karman Ave., #510
Irvine, CA 92612

3

**II. SERVED BY U.S. MAIL**

| | | |
|---|---|---|
| Samantha D Malloy<br>149 Cedar Creek Dr<br>Ste 107<br>Ashland, OR 97520 | Stephen Madoni<br>3700 Newport Beach Blvd<br>Ste 206<br>Newport Beach, CA 92663 | Rey Olsen<br>PO Box 7022<br>New York, NY 10150-7022 |

Warren N Nemiroff
9595 Wilshire Blvd #900
Beverly Hills, CA 90212

**III. SERVED BY PERSONAL DELIVERY, ~~FACSIMILE TRANSMISSION~~ OR EMAIL**

- The Honorable Theodor C. Albert, USBC, 411 West Fourth Street, Santa Ana, CA 92701
- Phillip Ashman    mgolod@mcqueenashman.com, pashman@mcqueenashman.com;bkumamoto@mcqueenashman.com
- James C Bastian    jbastian@shbllp.com
- John Burt    john@inhouseattorneys.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- T Edward Malpass    temalpass@aol.com
- Gordon G May    hpc@ggb-law.com
- Luckey McDowell    luckey.mcdowell@bakerbotts.com
- Keith C Owens    kowens@foley.com
- Carmela Pagay    ctan@rdwlawcorp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- John Saba    jsbklaw@gmail.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Victor A Vilaplana    vavilaplana@foley.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*

**F 9013-3.1**

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the Court that a judgment or order entitled **ORDER DENYING MOTION TO AMEND FINAL FEE APPLICATION ORDER AND FOR SUPPLEMENTAL CLAIMS AND ALLOWANCE OF ADDITIONAL FEES OF T. EDWARD MALPASS, FORMER COUNSEL FOR REORGANIZED DEBTOR** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the Court via NEF and hyperlink to the judgment or order. As of March 30, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the e-mail address(es) indicated below:

- Phillip Ashman    mgolod@mcqueenashman.com, pashman@mcqueenashman.com;bkumamoto@mcqueenashman.com
- James C Bastian    jbastian@shbllp.com
- John Burt    john@inhouseattorneys.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- T Edward Malpass    temalpass@aol.com
- Gordon G May    hpc@ggb-law.com
- Luckey McDowell    luckey.mcdowell@bakerbotts.com
- Keith C Owens    kowens@foley.com
- Carmela Pagay    ctan@rdwlawcorp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- John Saba    jsbklaw@gmail.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Victor A Vilaplana    vavilaplana@foley.com

☐ Service information continued on next page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Cobalis Corporation
Attn: Chaslav Radovich, President
733 Pelican Dr
Laguna Beach, CA 92651

☐ Service information continued on next page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or e-mail and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or e-mail address(es) indicated below:

☐ Service information continued on next page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*

**F 9013-3.1**