T. Edward Malpass, Esq., SBN 112914
LAW OFFICES OF T. EDWARD MALPASS
4931 Birch Street, Suite 300
Newport Beach, CA 92660
Telephone: (949) 474-9944
Facsimile: (949) 474-9947
temalpass@aol.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In Re: | **Case No.: 08:07-bk-12347-TA** |
| COBALIS CORPORATION, | **Chapter 11** |
| Reorganized Debtor. | **MOTION TO ALTER OR AMEND COURT ORDER ENTERED ON APRIL 15, 2011** |
| | Date:    June 14, 2011<br>Time:    11:00 a.m.<br>Ctrm:    5B |

TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE AND INTERESTED PARTIES:

The Law Offices of T. Edward Malpass ("Movant" or the "Firm") hereby moves for relief pursuant to Federal Rules of Bankruptcy Procedure 7052, 9023 and 9024, and other applicable law, as follows:

Movant requests that the Court set aside its order of April 15, 2011 and take appropriate action regarding the fees Movant has been seeking to obtain for more than a year in this case. Alternately, or in conjunction with alteration of the Court's ruling, which interferes with Movant's ability to be paid more than

`

$100,000, Movant requests that the Court make additional findings and conclusions regarding the basis for its ruling(s) and decision herein in the matters before the Court regarding Movant's fee balance.[1]

This Court, having approved Movant's employment, cannot properly interfere with Movant's rights to receive payment in accordance with the agreement and the Chapter 11 Plan confirmed by the Court in this case without mailing certain determinations and providing adequate notice and opportunity to respond.  Under the applicable law, the Court's errors in construing and applying the law and the constraints imposed on post-approval review of fees paid or due, for very good reasons, by the Bankruptcy Code and Rules, require a different result.  Movant, a law firm with one lawyer who appears regularly in this Court, comes to the Court, again, with reluctance, but as a matter of necessity.  Interfering with Movant's right to receive payment of more than $100,000 in compensation is illegal[2] and this is the procedural path to ask the Court to address the matter, review its decisions and grant appropriate relief.

## I.    RELEVANT FACTS.

The relevant facts[3] are as follows:

1.    Movant agreed to take over representation of the Debtor in its pending Chapter 11 case while the Debtor's Chapter 11 counsel, Winthrop Couchet, was seeking to withdraw.

2.    An employment application under Bankruptcy Code § 327 was filed and noticed.  No objections to the employment terms were filed and an Order was

---

[1] As discussed below, Movant contends no order is necessary for Movant to receive payment for work performed and billed pursuant to the hourly payment terms approved by the Court and that the Court erred in conducting proceedings as though an order was necessary.
[2] The Court has not followed the Rules, afforded due process or heeded the Code's restriction of its power regarding fees paid or agreements to pay fees -- which violates the law.
[3] In filed Declarations and other pleadings herein.

**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**

submitted and approved by the Court authorizing Movant's employment. Document Nos. 102 and 109.

3.    The approved employment terms provided for payment for Movant's services on an hourly basis and disclosed that the services would be paid for by a third party, Chaim Stern, who had been paying for the services of Winthrop Couchet and had agreed to continue to provide funding for the Chapter 11 legal work.

4.    Applicant performed services in a manner which the Court has found was beneficial to the Debtor and the administration of the case.

5.    In May and June, 2009, the period in which the Debtor, represented by Movant, was engaged in time intensive discovery litigation, Mr. Stern fell behind in making payments and a balance of approximately $25,000 accrued.

6.    In late June, 2009, Movant was advised that the Debtor's Board had met and authorized a request for immediate additional payment to Movant to bring the balance current.

7.    In early July, 2009, Movant provided advice to the Debtor regarding employment of special counsel.  Among other things, the Debtor was advised that if it was utilizing counsel for any purpose during the case, the lawyer(s) had to be employed with Court authorization and that the employment application process required disclosure of all connections with the Debtor or its principals.

8.    Movant did not know that at least two of the lawyers affiliated with the law firm that certain members of the Debtor's management were utilizing had an extensive history and multiple connections with the Debtor and some of its principals, which included receipt by the firm or a predecessor firm of hundreds of thousands of dollars in transactions which had not been disclosed and which certain members of the Debtor's management were attempting to conceal during the period in which the time period for bringing avoidance actions was about to expire.

9.      In mid-July, 2009, certain members of the Debtor's management contacted and subsequently agreed to employ Goe & Forsythe as counsel to the Debtor.

10.     Funds from Chaim Stern which had been intended to pay for Movant's services were diverted and paid to Goe & Forsythe.

11.     Goe & Forsythe did not substitute into the case and the employment agreement approved by the Court for Movant was not terminated and remained in force.

12.     The Debtor, acting through its management and, on numerous occasions, through Rob Goe, the Goe & Forsythe attorney principally involved in performing services for Cobalis, requested that Movant perform additional services.

13.     Movant, acting pursuant to the Court-approved employment agreement and the request and authorization of the Debtor and Goe & Forsythe, performed additional services for the Debtor.

14.     The services were properly performed, beneficial to the Debtor and administration in the case.

15.     The Debtor, acting through its management and Rob Goe, repeatedly represented to Movant that payment would be made for the work which was being performed.

16.     The Debtor did not pay for the work it requested and Mr. Stern did not pay for the work as he had agreed to do.

17.     Movant sought an order from the Court requiring payment for the work.

18.     The Court treated the request as an application for compensation from the estate under Section 330.

19.     During proceedings regarding the request for an order requiring payment of the fees, the Court repeatedly issued "tentative rulings" in which the

Court raised issues outside the scope of the limited and largely unsupported objections made by the Debtor.

20.    The matters raised by the Court on its own initiative changed materially through the course of the proceedings.

21.    Movant, at the Court's instruction, provided additional records regarding services performed and briefed a number of issues for the Court.

22.    The Court never conducted a substantive hearing on any matter.

23.    The only notice given to Movant of the Court's positions was statements in the tentative rulings and statements the Court made during proceedings in the matter.

24.    Until the last hearing, the Court treated the matter as a request for compensation from the estate under Section 330.

25.    The Court has consistently failed and refused to provide adequate notice and an opportunity to respond to the matters it has raised.

26.    Despite changing its positions in acknowledgment that the positions taken by Movant regarding the legal basis for review for payments made by a third party under a court-approved agreement were correct and on other matters, the Court has continued to review the fees without adhering to the required procedure and has made orders which are outside the scope of statutory constraints on review of payments and payment agreements which interfere with Movant receiving payment under the Court-approved agreement and the Plan confirmed in this case.

## II.    **ARGUMENT**

The payments due to Movant are payable under the Court-approved employment agreement and as the result of Movant performing services at the request of the Debtor and Mr. Goe based upon specific representations that Movant would be paid for the work <u>do</u> <u>not</u> <u>require</u> <u>approval</u> <u>by</u> <u>this</u> <u>Court</u> <u>under</u> <u>Section</u> <u>330</u>, or otherwise.  The payments are due under the agreement approved in the 327 application process and the only required order is the order authorizing

`

1    employment.    The Debtor is bound by the Court-approved terms and its own

2    actions.

3    The legal basis for review of an agreement for payment for legal services is

4    Federal Rule of Bankruptcy Procedure § 2017(b) and, to a limited extent,

5    Bankruptcy Code § 329.    The Court's power to review and take action which

6    interferes with previously approved employment terms is limited by those

7    provisions and Bankruptcy Code § 328(a).    Bankruptcy Code §§ 331 and 330

8    govern "award[s] of compensation" but are limited to situations where an award

9    by specific court authorization is required.

10    An order authorizing payment is only necessary where payment is to be

11    made from a bankruptcy estate.   This is confirmed in Rule 2016(a), which states:

12    "An entity seeking interim or final compensations for services, or reimbursement

13    of necessary expenses from the estate shall file an application . . .."    It is further

14    confirmed in Rule 2016(b), which states in part that "Every attorney for a debtor

15    whether or not the attorney applies for compensation . . .."    Section 330 review,

16    and the standards in Section 330, are limited to awards of compensation from the

17    estate in a case.

18    There is no estate in this case at this time.    The basis for Movant's rights

19    with regard to being paid for work he did is the agreement with the Debtor and Mr.

20    Stern.   Payment from the estate is not involved.

21    Review of the previously-approved agreement and Movant's billings by the

22    Court is limited, procedurally and substantively, by Rule 2017 and Code Sections

23    328 and 329.    The actions taken by the Court in this case exceed its powers and

24    improperly interfere with Movant's right to be paid under the agreement the Court

25    approved.

26

27

28

**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**

`

In its last tentative ruling, now improperly incorporated into an Order, along with at least one of its older tentatives, apparently by mistake,[4] the Court states "[a]ssuming without finding that even if [Movant's] fees were paid with other than property of the estate the court retains a supervisory role in determining the payments and amount of the fees under 11 U.S.C. § 329 and FRBP 2014." This is partially correct. As discussed below, review by the Court is procedurally limited by Rule 2017 and substantively limited to a determination of the amount of fees under the 329 reasonableness standard. (As far as Movant can tell, Rule 2014 has no application.)

The Court is not a trustee for the Debtor or the estate. Under the separation of administrative supervision responsibilities effected by the Bankruptcy Reform Act, the Court has a limited role in reviewing fees paid and agreements for payment for legal services from non-estate funds.

Rule 2017 provides, in pertinent part, that "On motion by the debtor, the United States Trustee, or on the court's own initiative, <u>the court after notice and hearing may determine whether any payment of money or any transfer of property, or any agreement therefore, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly</u> . . .." [emphasis added]

Bankruptcy Code § 329(a) provides for disclosure by filing with the Court of "a statement of a compensation paid or agreed to be paid . . . for services rendered or to be rendered in contemplation of or in connection with the [bankruptcy] case by such attorney, and the source of such compensation." Section 329(b) provides if such compensation [disclosed in the Section 329(a) statement] "exceeds the reasonable value of any such services, the Court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . .."

---

[4] This violates Rule 9021 and is a mess, since there are two tentatives from different hearings which conflict.

**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**

Bankruptcy Code § 328 authorizes approval of compensation arrangements by the court and limits subsequent review of the agreements or compensation paid under approved agreements.  The relevant language is found in Section 328(a), stating "Notwithstanding such terms and conditions [approved by the court], the court may allow compensation different from the compensation provided under [the approved] terms and conditions after the conclusion of such employment, [only] if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."   [emphasis added]  Section 328(c) empowers the court to deny allowance of compensation in certain limited circumstances despite previous approval of an agreement.

The combined effect of these sections is to channel and limit the Court's power to interfere with previously-approved employment agreements and their terms.

Specifically, Section 328 limits the Court's power to interfere with compensation payment.  As Collier states:

> After the approval of the professional's employment and terms and conditions thereunder, the only way to modify an approved employment agreement is for the Bankruptcy Court to determine that what developed in the case could not have been anticipated at the time of approval.  A failure by the Bankruptcy Court to make a record establishing that the approval was improvident and setting out with specificity (not conclusory statements) [what] could not have been anticipated at the time of approval will be insufficient to comply with the requirements of Section 328.
>
> 3 Collier on Bankruptcy ¶ 328.01, p.328-5 (15th ed. 2010); see, also, In re Reimers, 972 F.2d 1127 (9th Cir. 1992).

These provisions have been held to provide protection for professional firms after they perform services in the case from having the Bankruptcy Court interfere with the previously-approved terms of payment.  Similarly, Rule 2017 and Section 329 limit, procedurally and substantively, the Court's review to a determination of whether the compensation is excessive or unreasonable, restricting the inquiry to whether the charges are more than what should have been charged for the work when what is being reviewed is an agreement to pay compensation for services that have been performed, the case here.

Drawing distinctions between payments made from property of a bankruptcy estate and non-estate property and limiting interference with payments which do not come from estate funds, as the Code and Rules do, is logical and consistent with the constitutional under-pinnings of bankruptcy court jurisdiction and power. The estate is considered to be a trust held, subject to the Court's control, for the benefit of creditors.  This justifies, constitutionally and otherwise, a higher level of control, including control over payments to professionals.

The statutory scheme does not contemplate and certainly does not require prior notice to any party in the case or to the Court before a payment is made by a third party pursuant to a Court-approved agreement, other than the disclosures in the employment application and notice of the application, both of which occurred in this case.  With regard to an executory agreement to make payment, the Court's review is limited to a determination of whether the payments will be excessive.

What has occurred in this case is that the Court has repeatedly imposed itself into the relationship between Movant and Cobalis and Mr. Stern in circumstances where the Court has not found, and cannot find, that there is a proper basis for such interference.  The Court's actions have been procedurally improper, taken without the required notice and opportunity to respond with regard to properly specified issues, and its actions exceed its powers given the statutory and procedural

**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**

constraints which are imposed on approved payment agreements by the applicable law.

What should govern this situation is the fact that Movant performed services which were beneficial to the Debtor and administration of the case, billed for them in accordance with the hourly payment terms approved by the Court in advance after notice under Section 327, and has a right to payment under the Court-approved agreement. Nothing has happened which warrants setting aside the approved terms. Constraint by the Court is required and is particularly appropriate given the lack of any factual dispute regarding the evidence submitted by Movant that services were performed for months after July, 2009, at the request of the Debtor working with the advice and approval of Goe & Forsythe.

Constraint by the Court is also appropriate given its repeated approval of fees for the Levy Filler firm despite clear evidence of serious non-disclosure violations and other matters which show gross conflict of interest and lack of disinterestedness, among other things.

The Court has accepted arguments from Levy Filler that it did not know what it was supposed to do and was mistaken or inadvertent in not providing disclosure of contacts and other required information in the application process under Section 327. Had appropriate disclosures been made, the Debtor may have had an opportunity to recover hundreds of thousands of dollars into the estate and might have employed properly disinterested and more effective counsel. This Court accepted arguments from Levy Filler regarding much more materially damaging and serious discrepancies than not utilizing a notice procedure which was not required with regard to third-party payments.

Inconsistency in applying the law and utilizing the Court's powers, particularly with regard to fees for work which has been performed without objection, creates an appearance of bias. Levy Filler pushed hard for payment and

got it.   Movant has pushed hard for payment and the Court should exercise constraint as it did in the situation with Levy Filler.

The Court is not an advocate and maintaining inconsistent positions regarding fee payment in error is dangerously abusive.  The Court does not need to approve Movant's fees, it can simply order them paid as provided in the Court-approved agreement and the Plan, as it has done with the other firms.  Picking and choosing between counsel and favoring one firm over another in circumstances where the Court is constrained in its involvement -- post-plan confirmation review of fees not yet paid but due under a Court-approved agreement -- is something the Court should not do.

Movant mistakenly put an unnecessary notice procedure in the Application prepared for the Debtor and then did not give notice as payments were made, which is not required under the Rules or Code provisions.  This is not a basis for the Court to interfere with the payment terms it approved, particularly where it has not taken action to block payments to Levy Filler despite much more serious issues.[5]

The Court has an obligation and duty to properly apply and uphold the law, and avoid interference with fee payments where its powers are limited and it lacks a factual basis to block the payments or otherwise alter the payment terms.[6]

The services Movant has not been paid for can be broken down into four categories:

---

[5] Movant made a mistake in including a notice procedure that was not required in the Application, but did not know that it was wrong to put it in.  It appears that neither Movant nor the Court was aware that notice was not required.  The mistake does not, under the applicable law, make the fees excessive or unreasonable, or constitute an unforeseen circumstance.  Levy Filler made egregious omissions in disclosure, and Movant made mistakes in not getting the notice provision modified as unnecessary.  This does not provide a basis to set the agreement aside or take other action.
[6] The failure to send out notices is, in these circumstances, at best, a non-material non-compliance with an affirmative term, since notice is not required.  Movant was not aware of the discrepancy, no party objected, and the Court did not raise the matter until well after the work had been done and paid for per the employment order.

(1)    Work done for the Debtor prior to its beginning to utilize Goe & Forsythe for some of the services it needed at the end of July, 2009, approximately $25,000;

(2)    Work done by the Firm from August, 2009 to January, 2010, at the Debtor's request, totaling approximately $50,000;

(3)    Preparation and submission of fee records and descriptions of the services performed at the Court's instruction to support Movant's request for an order regarding payment of the outstanding fees, roughly $10,000; and

(4)    Additional work done dealing with the Court process regarding payment of the fees, now more than $25,000.

As if often the case, understanding of the law and its proper application in particular circumstances has evolved during the proceedings before this Court.  As asserted above, Movant believes that the Court has repeatedly erred in determining the applicable law and rule provisions and in interposing itself into the relationship between Movant and the parties that agreed to pay for work it did.

If the Court is going to take action with regard to Movant's right to payment for services performed under the terms that are approved, hourly payment, *sua sponte*, it needs to give notice of what the issues are and give Movant an opportunity to respond and present evidence.  While the Court has conducted numerous hearings, the matters it has raised on its own initiative have not been properly noticed and Movant has not had a proper or sufficient opportunity to respond.  The Court has repeatedly changed what it says it wants addressed, expressing concern about payments not being held in trust,[7] requiring repeated supplementation of information about the fees, and other matters, indicating at one point that the services were not beneficial and at the same time indicating that it

---

[7] An action <u>not</u> required by the Code or Rules.

1  was tentatively imposing a punitive sanction, all without sufficient notice or

2  specification of the factual or legal basis for the actions.

3        Tentative rulings published without service the day before a scheduled

4  hearing are not adequate or sufficient notice.  Dealing with a matter raised in a

5  tentative when additional statements are made by the Court which conflict with

6  what is in the tentative and then having the Court raise other materially different

7  matters in a new tentative does not afford Movant due process.   More than

8  $100,000 of services is involved.  The only basis for the Court to act on its own

9  initiative is Rule 2017, which limits what can be done.[8]

10        In the face of evidence that the Debtor and some of the other professionals

11  working in the case actively concealed information from the Court and interested

12  parties, while at the same time requesting and receiving more than $50,000 in legal

13  services from Movant's sole attorney while telling him, repeatedly, that he would

14  be paid, the Court's actions to interpose itself into the process and essentially act as

15  an advocate for positions that no party in the case has taken, while at the same time

16  facilitating payment of hundreds of thousands of dollars in fees to other

17  professionals is extraordinarily abusive.[9]

18        The Court's stated basis for interfering with payment is Movant's failure to

19  give contemporaneous notice when Mr. Stern made payments per the approved

20  agreement.   However, nothing in the Bankruptcy Code or the applicable rules

21  requires notice beyond disclosure of the payment terms and court approval, both of

22  which occurred, for payments from a third party.  No party has objected to not

23  receiving notice or indicated that it would have objected if notice had been given.[10]

24

---

25  [8] Review of the <u>amount</u> of compensation being claimed is to determine whether
it "exceeds the reasonable value of . . . services."

26  [9] Particularly as the Levy Filler firm came in after the Debtor changed
counsel who filed an Application without adequate disclosure.

27  [10] The Debtor and Mr. Stern both knew the payments were being made.  The only
party who has filed anything is the Debtor, which is estopped from objecting

28  since it knew about the payments and requested and received the services, and
then requested and received the services which have not been paid for.

**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**

`

1   That the Court feels aggrieved in the circumstances is no basis to damage a small

2   firm that had no conflict of interest, performed beneficial services and is seeking

3   payment from the funding Mr. Stern agreed to put in to get the Plan confirmed,

4   which has benefitted him a great deal.  Movant accordingly requests that the Court

5   consider the applicable law and apply it, rather than acting in error.[11]

6       Movant is entitled to payment of fees for services performed in accordance

7   with the approved terms.  If the Court wants to look at the terms and address issues

8   regarding whether any of the fees being requested are excessive, it needs to

9   consider whether it has the power to do that given Section 328 and, if it is going to

10  do anything, do so only after giving proper notice of what it is going to review and

11  on what basis to Movant, and affording Movant a meaningful opportunity to

12  respond and be heard, which does not occur with a tentative ruling.

13      The Court has not articulated a basis to change the payment agreement for

14  the work done in 2009 and the beginning of 2010 other than its mistaken view that

15  "notice and opportunity for hearing" was required by the Code or Rules and that

16  since some fees have been paid, others should not be paid as a sanction.  Linking

17  payment for work for which payment was made, which the Court has

18  acknowledged was beneficial and reasonable, with payment for work done after

19  that time, for which payment has not been made, is not permissible or appropriate

20  under the applicable standard.[12]  Unless the outstanding billings are excessive in

21  relation to the services performed, Movant should be paid per the agreement.

22      Interfering with payment of the fees because notices were not given is <u>not</u>

23  permissible.  The Court is in error in saying that notice was required, and cannot

24

25  [11] Despite its written tentative statements, the Court's ability to review
    payments made to Movant has not been compromised or affected.  It could have
26  acted at any time and not giving notice per the Order's reference to what
    Winthrop Couchet had been doing is not required or necessary.
27  [12] Non-material non-compliance with a provision of the 327 employment order is
    <u>not</u> a basis for reviewing the agreement or altering its terms.  Review is
28  limited by 329 and 328 to, at most, a determination of whether the amount
    billed exceeds the value of the services under Section 329.

interfere with Movant's right to payment for work done because it is unhappy that the notices were not given.  The Court's power is limited by the Code which, having specifically imposed limits on what the Court can review, precludes other actions.

This leaves only one issue open, whether Movant has proper claims for fees for the proceedings in this Court regarding getting paid.  This is basically an issue of what should be paid for under the agreement, which includes the matters specified in the 327 Application and additional necessary work.  Movant believes that he is entitled to assert claims for payment for work done.

Movant's position is that but for time spent responding to matters raised by the Court on its own initiative is within the scope of what should permissibly be paid under the approved employment terms, as such actions, including the possibility of overreaching by the Court, are forseeable when a Debtor requests and agrees to pay for representation in a Chapter 11 case.  In any event, this affects only the fees for the Fee Application and subsequent work done, not the fees for the services which the Debtor requested and Movant performed.

Under this analysis, Movant does not need a court order to get paid.  No party has moved under 2017 for review of the agreement and the agreement is in force.  The Court has not acted consistently with Rule 2017, and the outstanding fees are not excessive, particularly given the requests the Debtor made for the work.  At this point, Movant requests that the Court set aside all orders regarding fee payment and allow Movant to proceed with a claim for payment under the Plan.  If Court assistance is needed, Movant will seek it.

DATED:  April 22, 2011            LAW OFFICES OF T. EDWARD MALPASS

                                  /s/ T. Edward Malpass
                                  _____
                                  T. Edward Malpass, Movant

15
**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**

`

1

# PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is *4931 Birch Street, Suite 300, Newport Beach, CA 92660*

4

5

A true and correct copy of the foregoing document described as **MOTION TO ALTER OR AMEND COURT ORDER ENTERED ON APRIL 15, 2011** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

6

7

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 22, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

8

9

10

United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

11

Michael J. Hauser on behalf of the U.S. Trustee – Michael.hauser@usdoj.gov
Keith C. Owens on behalf of YA Global Investments LP – kowens@foley.com

12

Victor A. Villaplana on behalf of YA Global Investments LP – vavilaplana@foley.com
C. Luckey McDowell on behalf of YA Global Investments LP –

13

luckeymcdowell@bakerbotts.com

14

Phillip Ashman on behalf of Creditor Brad Chisick Trust – mgolod@mcqueenashman.com, pashman@mcqueenashman.com; bkumamoto@mcqueenashman.com

15

James C. Bastian on behalf of Creditor Jim Luce – jbastian@shbllp.com

16

Robert P. Goe on behalf of Debtor Cobalis corporation – kmurphy@goeforlaw.com, rgoe@goeforlaw.com, mforsythe@goeforlaw.com

17

John Burt john@inhouseattorneys.com
T. Edward Malpass temalpass@aol.com

18

Gordon G. May hpc@ggb-law.com

19

Carmela Pagay ctan@rdwlawcorp.com
Eric S. Pezold epezold@swlaw.com, dwlewis@swlaw.com

20

Michael B. Reynolds mreynolds@swlaw.com, kcollins@swlaw.com

21

John Saba jsbklaw@gmail.com
David Filler - dfiller@dlz.mailstreet.com

22

Rey Olsen - wsgny@aol.com

☐ Service information continued

23

on attached page

24

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 22, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this

25

bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as

26

follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

27

28

Rey Olsen
P O Box 7022
New York, NY 10150-7022

16
**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**

1

2
Samantha D. Malloy
149 Cedar Creek Drive #107
Ashland, OR 97520

3

4
Warren N. Nemiroff
9595 Wilshire Boulevard #900
Beverly Hills, CA 90212

5

6
Stephen Madoni
3700 Newport Beach Boulevard #206
Newport Beach, CA 92663

7
☐ Service information continued

8

9

10

11
**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 22, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

12

13
Theodor C. Albert, United States Bankruptcy Judge, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701

☐ Service information continued

14

15
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

April 22, 2011           Linda S. Gordon                          /s/ *Linda S. Gordon*

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO ALTER OR AMEND ORDER OF APRIL 15, 2011**