FILED
JUN 14 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

ENTERED
JUN 14 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

Keith C. Owens (CA State Bar No. 184841)
kowens@venable.com
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:    (310) 229-9900
Facsimile:    (310) 229-9901
C. Luckey McDowell (TX State Bar No. 24034565)
luckey.mcdowell@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, TX 74201-2980
Telephone:    (214) 953-6500
Facsimile:    (214) 661-6503
Counsel for YA Global Investments, L.P. and Yorkville Advisors LLC

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>COBALIS CORPORATION,<br><br>Debtors. | Case No. 8:07-bk-12347-TA<br><br>Chapter 11<br>**ORDER DENYING MONTENEGREX'S MOTION TO RECONSIDER ORDER DENYING MONTENEGREX MOTION TO RECONSIDER DENIAL OF COBALIS MOTION OPPOSING INDEMNIFICATION [Dkt. 762]**<br><br>Date:    June 2, 2011<br>Time:    2:00 p.m. (PST)<br>Ctrm:    5B<br>        411 West Fourth St.<br>        Santa Ana, CA<br>Judge:    Hon. Theodor C. Albert |

The Court, having heard and considered Montenegrex's Motion to Reconsider Order Denying Montenegrex Motion to Reconsider Denial of Cobalis Motion Opposing Indemnification (the "Motion") dated April 4, 2011, the declarations in support of the Motion, YA Global's opposition to the Motion, and the arguments of counsel and parties at the hearing in this matter, and having determined that this is a core proceeding and that the Court has jurisdiction as provided herein pursuant to 28 U.S.C. §§ 158 and 1334, and having found that notice is adequate and proper under the circumstances of this case,

**IT IS HEREBY ORDERED:**

1. The Motion is **DENIED** in its entirety for the reasons set forth in the Court's tentative ruling in this matter, which is attached hereto as **EXHIBIT A** and incorporated by reference as if fully set forth herein;[1]

2. To the extent referenced in the Court's tentative ruling, the Court's tentative rulings dated June 2, 2011 denying Montenegrex's motions to reconsider the Court's summary judgments in adversary proceedings Nos. 8:09-ap-1728-TA and 8:10-ap-1452-TA are also incorporated by reference; and

3. The Court shall retain jurisdiction to interpret and enforce this order.

Dated: June 14, 2011

_____
THEODOR C. ALBERT
U.S. Bankruptcy Judge

---

[1] The Court's tentative ruling references the Court's December 22, 2010 tentative ruling, which is attached to this order as **EXHIBIT B**.

2

# **Exhibit A**

# United States Bankruptcy Court
## Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

**Thursday, June 2, 2011**                                                                 **Hearing Room    5B**

---

2:00 pm

**8:07-12347**    **Cobalis Corporation**                                                           **Chapter  11**

**#18.00**    Motion filed by Montenegrex to Reconsider Order Denying Montenegrex
Motion to Reconsider Denial of Cobalis Motion Opposing Indemnification
of YA Global Investors, LP

Docket #:   762

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

This motion is unique. As the court reads it, it is a motion to reconsider a denial of reconsideration which denial was embodied in an order entered March 21, 2011. The underlying issue is the court's determination Dec. 22, 2010 that YA Global was the beneficiary of an indemnification agreement which obliges debtor to pay YA Global's attorneys' fees.

The court will not repeat a third time the standards regarding what must be shown in a Rule 59 motion; those standards are fully explained in #s 16 and 17. It will be said, however, that a motion to reconsider a denial of reconsideration (if such a thing exists) must even more so be based on newly discovered evidence, manifest error or change in the law. None of these are shown here, not even close. No effort is made to explain why any of these arguments, or all of them, were not raised either the first or the second time, or to the extent they were, why the court should revisit its rulings now. Like the other motions, no error is shown, much less a manifest error. The argument about the lack of authority is not correct because parties may rely upon the ostensible authority of counsel of record, and/or the V.P of debtor who actually signed the stipulation. Even if that were not the case, the time for appeal of the order for relief is now long past and the parties all, including Movant, are estopped, four years later, to argue that this case should not be in Chapter 11, particularly after a plan has been confirmed. As discussed in the tentative from May 26, on similar issues incorporated herein by reference, any possible infirmity in the petitioning creditor's eligibility to be a petitioning creditor under §303(b)(2) is not jurisdictional and is waived if not raised by answer.

Movant's arguments about interpretation of the indemnity provision of the agreement under New Jersey law are a rehash of those thoroughly discussed at the December 22 ruling. The arguments clearly do not meet the criteria for establishing any of newly discovered evidence or manifest errors of law necessary for reconsideration under Rule 59. They are at most slightly

United States Bankruptcy Court
Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

**Thursday, June 2, 2011**                        **Hearing Room   5B**

<u>2:00 pm</u>

**Cont....     Cobalis Corporation**                                 **Chapter  11**

different slants on the arguments already considered and rejected. A copy of the tentative from December 22 is included below, for convenience.

       A litigant's excessive persistence pursuing duplicative filings despite repeated adverse rulings demonstrates an improper purpose. *In re Cabrera-Mejia*, 402 B.R. 335, 343 (Bankr. C.D. Cal. 2008). This second motion to reconsider, filed shortly after the previous motion was denied, fails to meet the basic standards for reconsideration and needlessly protracts an issue upon which the Court has ruled several times. The Court can infer an improper purpose from Mr. Olsen's willful failure to address the standards of Rule 59. *Id.* The court has been lenient with Mr. Olsen in view of his *pro se* status, but that patience is now at an end. Although no Rule 11 sanctions will be imposed this time, he is cautioned that no party gets to keep filing the same or similar motions again and again, hoping for a different result. At some point this shades over into contumacious and sanctionable conduct.

       *Deny*

Party Information

<u>Debtor(s):</u>

     Cobalis Corporation                                      Represented By

                                                                      Robert P Goe

<u>Movant(s):</u>

     Montenegrex

# Exhibit B

Case 8:07-bk-12347-TA    Doc 799    Filed 06/14/11    Entered 06/14/11 14:30:02    Desc
Main Document    Page 6 of 14

United States Bankruptcy Court
Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

Wednesday, December 22, 2010                    Hearing Room    5B

10:00 am

8:07-12347     **Cobalis Corporation**                                                Chapter 11

#15.00          Hearing
RE: [694] Motion to Disallow Claims Debtors Motion For Order Disallowing The Attorneys Fees And Costs Portion Of Claim Number 6 (As Amended) Of YA Global And Recalculating Escrow Deposit Under The Plan; Memorandum Of Points And Authorities In Support Thereof; Declaration Of Robert P. Goe In Support Thereof with Proof of Service  Exhibit 1 of 5# (2) Exhibit 2 of 5# (3) Exhibit 3 of 5# (4) Exhibit 4 of 5# (5) Exhibit 5 of 5) (Goe, Robert)

Docket #: 694

**Tentative Ruling:**

This is the reorganized debtor's objection to the still accruing attorneys fees portion of YA Global's ("YAG") claim, which has ballooned to something like $517,478 *in addition to* some $2.2 million which had been accrued before this court's approval of the compromise by order entered October 20, 2010. The earlier amount was reduced in stipulation by the sum of $950,000. Presumably, this earlier, compromised sum is not under consideration in this motion, nor could it be since one of the terms of the compromise as embodied in the order was "The legal fees and expenses set forth in the invoices identified on Exhibit "A" to the Agreement shall not be subject to attack by any party on the grounds of reasonableness...". What debtor complains of now is the need to pay something like $126,663 and rising in monthly escrow payments just in order to comply with its confirmed plan. The court of course is dismayed by the size of this attorneys fees claim, but the court is also uncertain as to where the blame lies. So long as the reorganized debtor insists in pursuing securities litigation against YAG, with its serious charges of fraud, stock shorting and the like, the adage "those who live by the sword die by the sword ..."comes to mind.

In any event, the reorganized debtor provides no basis for the relief it seeks. Its first error lies in the characterization of the operative attorney's fee clause as one necessarily involving the commencement of litigation or enforcement action. This was the sort of clause interpreted in debtor's cited cases, *Singer v. State*, 95 N.J. 487 (1984) [civil rights enforcement action under 28 U.S.C. §1983] *North Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 570 (1999) [reimbursement of lessor for all costs and reasonable attorneys fees incurred in enforcing lease]; and *Packard-Bamberger & Co.,Inc. v. Collier*,167 N.J. 427 (2001) [action suing former corporate director and general counsel for breach of fiduciary duty]. In those cases it was not surprising that the courts required that the "lawsuit was causally related to securing the relief obtained; a fee award

United States Bankruptcy Court
Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

Wednesday, December 22, 2010                                                        Hearing Room    5B

10:00 am

Cont....    **Cobalis Corporation**                                                              Chapter  11

is justified if [the party's] efforts are a 'necessary and important' factor in obtaining the relief.*Ibid.* citing *Singer*, 95 N.J. at 494. In contrast, YAG characterizes the operative clause here not as one for success in an enforcement action but rather as one for recovery of its whole claim and indemnity against all counterclaims and losses, including fees. This has been held to be an appropriate issue of contract between parties without usurious connotation. See *Alcoa Edgewater No. 1 Federal Credit Union v. Carroll*, 44 N.J. 442, 448 (1965); *Smirglio v. Hudson United Bank*, 98 Fed. Appx. 914. 915 (3d Cir. 2004). Where an agreement does not expressly refer to prevailing party standard, courts will not require one. *Rexam Beverage Can Co. v. Bolger*, 620 F. 3d 718, 738; *Ryker v. Current*, 338 B.R. 642, 651-52 (D.N.J. 2006) aff'd 2007 WL 2128590 (3d Cr 2007). As cited in YAG's papers, the clause at work here is clearly an indemnity clause, not one requiring an enforcement action:

> "If the Company fails to strictly comply with the terms of this Debenture, then the Company shall reimburse the Holder promptly for all fees, costs and expenses, including, without limitations, attorneys' fees and expenses incurred by the Holder **in any action in connection with this Debenture**, including, without limitation, those incurred: (i) during any workout, attempted workout, and/or in connection with the rendering of legal advice as to the Holder's rights, remedies and obligation, (ii) collecting any sums which become due to the Holder, (iii) defending or prosecuting any proceeding or any counterclaim to any proceeding or appeal; or (iv) the protection, preservation or enforcement of any rights or remedies of the Holder." (emphasis added)

This language with its subparts is far broader than mere enforcement actions brought by the lender. It is an expansive indemnity provision.

The pivotal case post *Travelers* for bankruptcy allowance of post petition fees is *In re SNTL Corp.*, 571 F. 3d 826, 844 (9th Cir. 2009). The *SNTL* court merely required a "right to collect" fees, but makes no distinction between successful enforcement actions as opposed to wholeness or indemnity clauses. All that is needed is that fees be within "fair contemplation" of the parties in entering into the contract. *Id.*

# United States Bankruptcy Court
## Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| Wednesday, December 22, 2010 | Hearing Room 5B |
|---|---|

**10:00 am**

**Cont....    Cobalis Corporation**    Chapter 11

But even if there were a "prevailing party" standard it is far from clear that the debtor would have the better of it. YAG correctly points at page 9 of its brief to its many accomplishments in these proceedings, and the court cannot say with certainty which side has accomplished the greater portion of its goals. Moreover, in evaluating a contested confirmation case like this one, the give and take between opposing positions is frequently complicated and subjective. Who can deny that the debtor's plan only contains what it contains (such as a realistic cram down interest rate) as a result of the active opposition of YAG? Perhaps the debtor's current predicament over accruing fees is only one ironic testimony to this fact.

Lastly, the debtor's request for relief such as arbitrary capping of ongoing fees is made of thin air, is without authority in law or equity and cannot be granted. This is not to say the court has no role in supervising the reasonableness of ongoing accrual of fees and costs. But such an objection would be one focused on the particulars of line entries, not one directed to the whole proposition of further accrual of fees on a "prevailing party" standard.

*Deny*

### Party Information

**Debtor(s):**

Cobalis Corporation                                  Represented By
                                                      Robert P Goe

**Movant(s):**

Cobalis Corporation                                  Represented By
                                                      Robert P Goe

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**2049 Century Park East, Suite 2100, Los Angeles, CA  90067.** A true and correct copy of the foregoing document(s) described as:
**ORDER DENYING MONTENEGREX'S MOTION TO RECONSIDER ORDER DENYING MONTENEGREX MOTION TO RECONSIDER DENIAL OF COBALIS MOTION OPPOSING INDEMNIFICATION [Dkt. 762]**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 8, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **June 8, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 8, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 8, 2011 | Jan Contreras | /s/ Jan Contreras |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1 PROOF.SERVICE**

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): (Cont'd)
**ADDITIONAL SERVICE INFORMATION** (if needed):

*PARTIES SERVED BY U.S. MAIL*
**Debtor**
Cobalis Corporation
Attn: Chaslav Radovich, President
16795 Von Karman, Suite 200
Irvine, CA 92606

Cobalis Corporation
~~Attn: Chaslav Radovich, President~~
~~2030 Main Street, Suite 1300~~
~~Irvine, CA 92614~~
(Returned – No Forwarding Address)

Gregory Grantham, Esq.
610 Newport Center Drive
Suite 600
Newport Beach, CA 92660

Lee Squitieri
Squitieri & Fearon LLP
32 East 57th Street, 12th Floor
New York, NY 100220

**PARTIES SERVED BY E-MAIL**
Warren Nemiroff (Email: wnemiroff@yahoo.com)
~~9595 Wilshire Boulevard, Suite 900~~
~~Beverly Hills, CA 90212~~
(Returned - No Forwarding Address)

Warren Nemiroff
120 S. El Camino Drive, Suite 206
Beverly Hills, CA 90212

Samantha D. Malloy (Email: samanthadmalloy@aol.com)
149 Clear Creek Drive, Suite 107
Ashland, OR 97520
Montenegrex (Email: WSGNY@aol.com)
Attn: Rey Olsen
P.O. Box 7022
New York, NY 10150-7022

41-26 27th Street, Unit 3D
Long Island City, NY 10015-7022
Michelle V. Larsen (Email: michelle.larsen@weil.com)
Weil Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX 75201

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                         **F 9013-3.1 PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)
**ORDER DENYING MONTENEGREX'S MOTION TO RECONSIDER ORDER DENYING MONTENEGREX MOTION TO RECONSIDER DENIAL OF COBALIS MOTION OPPOSING INDEMNIFICATION [Dkt. 762],**
was entered on the date indicated as ○Entered○ on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **June 8, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

James C Bastian    jbastian@shbllp.com
John Burt    john@inhouseattorneys.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
Michael J Hauser    michael.hauser@usdoj.gov
T Edward Malpass    temalpass@aol.com
Gordon G May    hpc@ggb-law.com
Luckey McDowell    luckey.mcdowell@bakerbotts.com
Keith C Owens    kowens@venable.com, bclark@venable.com;jcontreras@venable.com
Carmela Pagay    ctan@rdwlawcorp.com
Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
John Saba    jsbklaw@gmail.com
Leonard M Shulman    lshulman@shbllp.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Cobalis Corporation
Attn: Chaslav Radovich, President
733 Pelican Dr
Laguna Beach, CA 92651


Rey Olsen
PO Box 7022
New York, NY 10150-7022

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9021-1.1.NOTICE.ENTERED.ORDER**

Warren N Nemiroff
9595 Wilshire Blvd #900
Beverly Hills, CA 90212

Don Logan
PO Box 1564
Costa Mesa, CA 92626

☐    Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an ⬜Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Stephen Madoni
3700 Newport Beach Blvd
Ste 206
Newport Beach, CA 92663

Samantha D Malloy
Samantha D. Malloy, PC
149 Cedar Creek Dr
Ste 107
Ashland, OR 97520

Brad Chisick Trust
Brian A Kumamoto Esq.
19900 MacArthur Blvd Ste 1150
Irvine, CA 92612

Samantha D Malloy
Samantha D. Malloy, PC
149 Cedar Creek Dr
Ste 107
Ashland, OR 97520

☐    Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9021-1.1.NOTICE.ENTERED.ORDER**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- James C Bastian    jbastian@shbllp.com
- John Burt    john@inhouseattorneys.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- T Edward Malpass    temalpass@aol.com
- Gordon G May    hpc@ggb-law.com
- Luckey McDowell    luckey.mcdowell@bakerbotts.com
- Keith C Owens    kowens@venable.com, bclark@venable.com;jcontreras@venable.com
- Carmela Pagay    ctan@rdwlawcorp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- John Saba    jsbklaw@gmail.com
- Leonard M Shulman    lshulman@shbllp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9021-1.1.NOTICE.ENTERED.ORDER**