Keith C. Owens (CA State Bar No. 184841)
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone:  310.229.9900
Facsimile:  310.229.9901
Email:  kcowens@venable.com

C. Luckey McDowell (TX State Bar No. 24034565)
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas  75201-2980
Telephone:  214.953.6500
Facsimile:  214.661.6503
Email:  luckey.mcdowell@bakerbotts.com

Counsel for YA Global Investments, L.P.

FILED & ENTERED

JUL 25 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**COBALIS CORPORATION,**<br><br>　　Debtor. | Case No 8:07-bk-12347-TA<br><br>Chapter 11<br><br>**ORDER DENYING MOTION TO VACATE ORDER ENTERED NOVEMBER 19, 2007 CONVERTING CASE TO CHAPTER 11**<br><br>Date: July 6, 2011<br>Time: 2:00 p.m. PST<br>Ctrm: 5B<br>　　411 West Fourth Street<br>　　Santa Ana, CA<br><br>Judge: HON. THEODOR C. ALBERT |

The Court, having heard and considered Cobalis' *Motion to Vacate Order Entered November 19, 2007 Converting Case to Chapter 11* (the "Motion") dated May 3, 2011, the declarations in support of the Motion, YA Global's opposition to the Motion, and the arguments of counsel and parties at the hearing in this matter, and having determined that this is a core proceeding and that the Court has jurisdiction as provided herein pursuant to 28 U.S.C. §§ 158

DAL02:588415.1

and 1334, and having found that notice is adequate and proper under the circumstances of this case,

**IT IS HEREBY ORDERED**:

1. The Motion is **DENIED** in its entirety for the reasons set forth on the record and in the Court's tentative ruling in this matter, which is attached hereto as **EXHIBIT A** and incorporated by reference as if fully set forth herein;

2. To the extent that they address the issues raised in the Motion, the Court's *Order Denying Montenegrex's Motion To Reconsider Order Denying Montenegrex Motion to Reconsider Denial of Cobalis Motion Opposing Indemnification* dated June 14, 2011 and *Order Dismissing Cobalis' Third Amended Complaint* entered June 10, 2011 in adversary proceeding Nos. 8:09-ap-1705-TA are also incorporated by reference herein; and

3. The Court shall retain jurisdiction to interpret and enforce this order.

###

DATED: July 25, 2011

_____
United States Bankruptcy Judge

DAL02:588415.1

# **Exhibit A**

# United States Bankruptcy Court
## Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| | |
|---|---|
| **Wednesday, July 6, 2011** | **Hearing Room    5B** |

**2:00 pm**

| | | |
|---|---|---|
| 8:07-12347 | **Cobalis Corporation** | **Chapter    11** |
| #13.00 | Debtor's Motion to vacate order entered November 190, 2007 converting case to Chapter 11 | |
| | Docket #:   776 | |

**Tentative Ruling:**

    This is the reorganized debtor's motion for an order vacating the court's November 19, 2007 "Order on Debtor's Election to Convert Chapter 7 Case to a Case under Chapter 11 of the Bankruptcy Code."  Although somewhat better supported by declarations than before, this motion is nonetheless a rehash of the motions/arguments filed by Rey Olsen dba Montenegrex considered May 26, 2011 as part of YA Global ("YAGI") Motion to dismiss the Third Amended Complaint and again June 2, 2011 on Montenegrex's motion to Reconsider the Court 's Order Denying Montenegrex's Motion to Reconsider Denial…"  Those tentative decisions, which were adopted as part of the court's respective orders, are incorporated herein by reference.

    The court need not repeat at length its explanations and authorities already given in denying Mr. Olsen's motions/arguments.  It will repeat here only the high points:

    1. The debtor proceeds on the same erroneous premise as did Mr. Olsen regarding the involuntary petition.  There is no question of jurisdiction.  Once an involuntary petition is filed this court has subject matter jurisdiction under 28 U.S.C. §157.  It matters not whether there is the requisite number of petitioning creditors under 11 U.S.C. §303(b) or whether they are or are not disputed or contingent claimants. Those issues go to the separate question of capacity which is distinct from jurisdiction. This has long been the law in the Ninth Circuit.*Rubin v. Belo Broadcasting Corp (In re Rubin)*, 769 F. 2d 611, 614 (9th Cir. 1985); *Mason v. Integrity Insurance Company (In re Mason)*, 709 F. 2d 1313, 1318-19 (9th Cir. 1983).  This same rule has been adopted by the majority of the Circuits.  See e.g. *Trusted Net Media Holdings, LLC v. The Morrison Agency, Inc. (In re Trusted Net Media Holdings, LLC),* 550 F. 3d 1035, 1043 (11th Cir. 2008).

    2. Moreover, since it is not a jurisdictional issue, if not timely controverted by answer, those questions of capacity in §303(b) are waived.  *In re Mason*, 709 F. 2d at 1318-19; *In re Trusted Net Media Holdings,* 550 F. 3d at 1045-46.  In the same vein, an order for relief is an adjudication and thus an appealable order, but the time for appeal here has long past.*Mason*, 707 F.2d at 1317-18

# United States Bankruptcy Court
## Central District of California

Santa Ana

**Judge Theodor Albert, Presiding**

**Courtroom 5B Calendar**

**Wednesday, July 6, 2011**                                                                                       **Hearing Room   5B**

**2:00 pm**

**Cont....    Cobalis Corporation**                                                                                       **Chapter   11**

    3. The debtor like Mr. Olsen tries to make an issue of Attorney Paul Couchot's ostensible authority to stipulate to an order for relief. Debtor also argues that a board resolution is an indispensable requirement for a petition. Debtor's authorities regarding the need for corporate resolutions are not convincing for the simple reason that they all involved *voluntary* petitions. An involuntary petition is quite a different matter. It is more akin to an adversary complaint and a default can and will be taken against even a corporate debtor quite aside from what the defendant debtor's board may or may not resolve to do. 11 U.S.C. §303(h); *Mason,* 707 F. 2d at 1319 citing *In re Earl's Tire Service, Inc.*, 6 B.R. 1019, 1022 (Dist. Del.1980); *Trusted Net Media,* 550 F. 3d at 1044-45. It cannot logically be otherwise since petitioning creditors cannot be required to wait for an alleged debtor's corporate board action in an involuntary petition any more than it would be logical in any other complaint to require the plaintiff to await the corporate defendant's board of directors.

    4. For similar reasons the court is convinced that a duly-licensed (and indeed an insolvency specialist) attorney such as Mr. Couchot of Winthrop Couchot P.C. acting for the alleged debtor in a court proceeding can stipulate in a binding fashion to an order for relief. For the reasons already explained before, when it comes to procedural matters such as whether and when an answer to an involuntary petition is to be interposed, the court and parties in interest must be able to rely upon ostensible authority. It would be an invitation to chaos to say that corporate defendants always get a second bite at any apple by merely interposing that board resolutions were lacking, irrespective of what their lawyers may stipulate to in court. Moreover, this stipulation to an order for relief should be considered in its context. It was the result after the considerable time expired from two earlier extensions of time to plead, and was not merely an order for relief but simultaneously a conversion to a Chapter 11 from Chapter 7 as well, which had the effect of preserving debtor's management's control over the debtor. As explained before, the citations to FRBP 2002(a)(4) and 9013 are equally unavailing. The due process notice requirements might make some sense where a pending Chapter 7 (with schedules of creditors already on file) is to be converted into a Chapter 11. But in the case at bar, this "election" to convert to an 11 in an involuntary petition was not a motion at all. It was more in the nature of a response done in lieu of filing a timely answer which was otherwise due upon pain of default. Moreover, there were no schedules on file so, in practical terms, notice could not have been realistically given in any case. As suggested in Rule 9013, this was more akin to an *ex parte* procedure than a notice motion.

# United States Bankruptcy Court
## Central District of California

Santa Ana

**Judge Theodor Albert, Presiding**

**Courtroom 5B Calendar**

**Wednesday, July 6, 2011**                                                                          **Hearing Room    5B**

 2:00 pm

**Cont....        Cobalis Corporation**                                                              **Chapter    11**

    5. Nor is the court persuaded by debtor's citation to California law concerning waiver of client claims cited at debtor's footnote 1. Even debtor in the footnote acknowledges that California makes a distinction between waivers by counsel of procedural issues vs. substantive rights. First, this is federal court, not a California court so applicability of this authority is unclear. Second, the waiver in question here appears in the "Final Stipulation to Extend Time…" filed September 1, 2007 which included the waiver of claims for damages against YAGI that might arise under §303(i) and a waiver of the right to contest the validity of the involuntary petition on grounds that there were more than 12 creditors. Whether these are procedural or substantive rights would, at best, be an open question. They were clearly a *quid pro quo* in that they were given in return for more time, and cannot have amounted to much in any event given the subsequent stipulation to an order for relief which, once adopted, obviates any claim regarding incapacity issues regarding the involuntary petition.

    6. Least impressive of all is the renewed argument about ratification. Debtor offers a convoluted argument that the lack of corporate resolution was "hidden" from debtor by prior management and /or Winthrop Couchot. Since the lack of corporate resolution was not dispositive in any event, as discussed above, this argument has no traction. What is abundantly clear is that debtor's management has for almost four years availed itself of the benefits and privileges of being in Chapter 11, even to the point of confirming a plan by cramdown in a heavily contested proceeding. Debtor under its present management resisted mightily the motions of YAGI and the UST to convert the case. Debtor even appealed portions of the confirmation order, but notably only those portions having to do with the cramdown interest rate (it apparently suiting the debtor in other respects). In sum, if ever there was a case for judicial estoppel it would be this case. It simply cannot be the law that a debtor can confirm a plan after four years and then, when it finds it tough going under its own plan, to argue "King's 'X'" and erase all of the events of the last four years as though they did not happen. The suggestion that creditors would not be harmed, could pursue their respective rights under New Jersey law and that somehow the court can or should order disgorgement of all of the attorneys' fees awarded and paid in the last four years, and to otherwise unscramble this omelet, is too bizarre to imagine. But it is not the law and would be the antithesis of equity.

    6. Moreover, this issue has already been settled. The court's order denying Montenegrex's Motion to Reconsider the Denial of Reconsideration is now final and has become "law of the case."

# United States Bankruptcy Court
## Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| Wednesday, July 6, 2011 | Hearing Room | 5B |

**2:00 pm**

**Cont....  Cobalis Corporation**  Chapter 11

*Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990).  The debtor and its privies do not get to keep refiling the same motion on the same issues again and again hoping for a different result.

*Deny*

Party Information

Debtor(s):

   Cobalis Corporation                              Represented By
                                                    Robert P Goe
                                                    John  Saba

Movant(s):

   Cobalis Corporation                              Represented By
                                                    Robert P Goe
                                                    John  Saba

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **2049 Century Park East, Suite 2100, Los Angeles, CA  90067.**  A true and correct copy of the foregoing document(s) described as**: [Proposed] ORDER DENYING MOTION TO VACATE ORDER ENTERED NOVEMBER 19, 2007 CONVERTING CASE TO CHAPTER 11** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing documents will be served by the court via NEF and hyperlink to the document. On ____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:  N/A

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  **July 13, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**   **(By Mail)**
Cobalis Corporation, Attn: Chaslav Radovich, President
16795 Von Karman, Suite 200
Irvine, CA  92606

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **July 13, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**PARTIES SERVED BY E-MAIL**
- James C Bastian     jbastian@shbllp.com
- John Burt     john@inhouseattorneys.com
- Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael J Hauser     michael.hauser@usdoj.gov
- Gordon G May     hpc@ggb-law.com
- Luckey McDowell      luckey.mcdowell@bakerbotts.com
- Keith C Owens      kowens@venable.com, bclark@venable.com;jcontreras@venable.com
- Carmela Pagay     ctan@rdwlawcorp.com
- Eric S Pezold      epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds      mreynolds@swlaw.com, kcollins@swlaw.com
- John Saba     jsbklaw@gmail.com
- Leonard M Shulman     lshulman@shbllp.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Warren Nemiroff  wnemiroff@yahoo.com
- Samantha Malloy  samanthadmalloy@aol.com
- Montenegrex / Rey Olsen  wsgny@aol.com
- Michelle V. Larsen  michelle.larsen@weil.com
- Lee Squitieri  lee@sfclasslaw.com
- Gregory Grantham  granthamgreg@gmail.com

DAL02:588415.1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 13, 2011 | Kimberly Hoang | /s/ *Kimberly Hoang* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

DAL02:588415.1

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER DENYING MOTION TO VACATE ORDER ENTERED NOVEMBER 19, 2007 CONVERTING CASE TO CHAPTER 11** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of July 13, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- James C Bastian     jbastian@shbllp.com
- John Burt     john@inhouseattorneys.com
- Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael J Hauser     michael.hauser@usdoj.gov
- Gordon G May     hpc@ggb-law.com
- Luckey McDowell     luckey.mcdowell@bakerbotts.com
- Keith C Owens     kowens@venable.com, bclark@venable.com;jcontreras@venable.com
- Carmela Pagay     ctan@rdwlawcorp.com
- Eric S Pezold     epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
- John Saba     jsbklaw@gmail.com
- Leonard M Shulman     lshulman@shbllp.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Warren Nemiroff  wnemiroff@yahoo.com
- Samantha Malloy   samanthadmalloy@aol.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Cobalis Corporation
Attn: Chaslav Radovich, President
733 Pelican Dr
Laguna Beach, CA 92651

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

DAL02:588415.1

**PARTIES SERVED BY U.S. MAIL**

**Debtor**
Cobalis Corporation, Attn: Chaslav Radovich, President
16795 Von Karman, Suite 200
Irvine, CA  92606

Gregory Grantham, Esq.
610 Newport Center Drive, Suite 600
Newport Beach, CA  92660

Lee Squitieri
Squitieri & Fearon LLP
32 East 57th Street, 12th Floor
New York, NY  100220

**PARTIES SERVED BY E-MAIL**

| | |
|---|---|
| Warren Nemiroff | wnemiroff@yahoo.com |
| Samantha D. Malloy | samanthadmalloy@aol.com |
| Montenegrex / Rey Olsen | wsgny@aol.com |
| Michelle V. Larsen | michelle.larsen@weil.com |

DAL02:588415.1