Keith C. Owens (CA State Bar No. 184841)
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901
Email: *kcowens@venable.com*

C. Luckey McDowell (TX State Bar No. 24034565)
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone: 214.953.6500
Facsimile: 214.661.6503
Email: *luckey.mcdowell@bakerbotts.com*

Counsel for YA Global Investments, L.P.



FILED & ENTERED

AUG 22 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels    DEPUTY CLERK

CHANGES MADE BY COURT

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| **In re:** | **Case No 8:07-bk-12347-TA** |
| **COBALIS CORPORATION,** | **Chapter 11** |
| Debtor. | **ORDER CONVERTING BANKRUPTCY CASE TO CHAPTER 7** |
| | **DATE: August 22, 2011**<br>**TIME: 10:00 a.m. PDT**<br>**CTRM: 5B** |
| | **JUDGE: HON. THEODOR C. ALBERT** |

The Court, having held a hearing on August 22, 2011 related to *YA Global Investments, L.P.'s Motion to Convert and/or Dismiss Cobalis' Bankruptcy Cases* [Dkt. No. 842] (the "Motion to Convert) and this *Court's Order to Show Cause Regarding Conversion as a Result of Filing of Chapter 11 Case No. 8:11-19915-TA By Debtor* [Dkt. No. 826] (the "OSC"); and the Court having considered the arguments and authorities contained in the parties' briefs, and the arguments of counsel and parties at the hearing in this matter; the Court finding that it has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, that this proceeding is a core

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

proceeding pursuant to 28 U.S.C. § 157(b), that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and that notice of the Motion to Convert was proper under the circumstances and that no additional notice is required; and after due deliberation, good, and sufficient cause appearing therefore

### IT IS HEREBY ORDERED THAT:

1.    For the reasons expressed on the record during the August 22, 2011 hearing and written in the Court's tentative ruling dated July 27, 2011 (a copy of which is attached as **Exhibit A**), the Motion to Convert is **GRANTED** and Case No. 8-07-bk-12347-TA is hereby converted chapter 7 under title 11 of the United States Code;

2.    The United States Trustees Office is directed to appoint a chapter 7 trustee as soon as practical;

3.    Within 14 days of the date of this order, the debtor in possession must file a schedule of unpaid debts incurred after commencement of the chapter 11 case;

4.    Within 30 days of the date of this order, the debtor in possession must file and transmit to the United States trustee a final report and account;

5.    The debtor in possession must forthwith turn over to the chapter 7 trustee all records and property of the estate remaining in its custody and control;

6.    Within 14 days of the date of this order, the Debtor must file the statements and schedules required by F.R.B.P. 1019(1)(A) and 1007, if such documents have not already been filed;

7.    Within 30 days of the date of this order, the Debtor must file:

- A schedule of all property not listed in the final report and account which was acquired after commencement of the chapter 11 case but before entry of this conversion order.

- A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case but before entry of this conversion order, and

- A schedule of unpaid debts not listed in the final report and account which were incurred after the commencement of the chapter 11 case but before entry of this conversion order.

8.    With respect to the OSC, Cobalis failed to show sufficient cause as to why the case should not be dismissed, but the OSC is mooted by conversion of the case pursuant to this Order; and

9.    The Court retains jurisdiction to interpret and enforce this Order.

# # #

DATED: August 22, 2011

_____
United States Bankruptcy Judge

DAL02:590355.1

# Exhibit A

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Wednesday, July 27, 2011**                                                  **Hearing Room    5B**

---

<u>10:00 am</u>

**8:07-12347**      **Cobalis Corporation**                                                    **Chapter   11**

   **#15.00**            Order to Show Cause re: Conversion as a Result of Filing of Chapter 11
                Case No. 8:11-19915-TA

Docket #:

**Matter Notes:**

   Cause Shown            _____

   Cont'd to _____ at _____ a.m./p.m.

   Other _____

   Movant to submit form of order: _____

   Respondent to submit form of order: _____

   Court to prepare order:            _____

**Courtroom Deputy:**

  - NONE LISTED -

**Tentative Ruling:**

    This is a hearing on the court's *sua sponte* Orders to Show Cause filed in both pending cases,
8:07-12347TA ('first case') and in 8:11-39429 EC filed in the Los Angeles Division, renumbered
as 8:11-19915TA and transferred to this court ("second case").

    There has been a confirmed plan in the first case since 6/10/2010.  The deep misgivings recited
in the court's Statement of Decision on Plan Confirmations entered 4/07/2010 about feasibility of
that plan have unfortunately proved all too prescient.  Apparently, the millions in sales of
PreHistin® projected by debtor to be realized by now have not come to pass, not even nearly.
Instead, as reported by YA Global Investments, L.P. ("YA Global") and verified in the record,
debtor has defaulted on most of the monthly installment payments due escrow (on account of YA

# United States Bankruptcy Court
# Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Wednesday, July 27, 2011**                                                    **Hearing Room    5B**

<u>10:00 am</u>

**Cont....          Cobalis Corporation**                                        **Chapter    11**

Global's disputed claim), usually to be cured at the very last moment in the grace period, just before immediate foreclosure by YA Global was permitted under the plan.  Nothing at all has been paid to other unsecured creditors.  Although no reliable reports have been presented, because no post confirmation status reports have been recently filed, it would appear that much of the funding to date has come from yet additional investments from Chaim Stern.  Some sales of PreHistin® through drugstore chains have reportedly occurred but these are obviously far too few and too late (reportedly $707,821 to date with another $225,309 reportedly ordered).  Mr. Marion's declaration adds very little that is new except now it develops that *retail sales did not even commence until December of 2010*, at least six months after confirmation.  He continues the "just around the corner" predictions which have been offered many times before but sound rather hollow now.  The point is this is too little and far too late and are not, in any event, nearly enough to support the plan. Moreover, under debtor's litigation strategy, the amounts owed the secured creditor, YA Global, have now increased dramatically, so any future prospect that debtor can earn its way out of this appears all the more remote.  This is not to say that pursuit of legitimate claims is not appropriate but now, regrettably, this case has become all about "doubling down" on litigation and less about a successful earn out.  It seems to the court that a Chapter 7 Trustee can as readily evaluate whether further pursuit of litigation makes sense in the interest of creditors.  Recently, the stock was suspended from all trading by the SEC.

Added to this lamentable failure is the flurry in the last five months of ill-advised and unsupported motions from the debtor (and Rey Olsen dba Montengrex who appears to be acting in tandem with debtor) trying to dismiss the first case or to amend the provisions of the plan regarding escrowing of the YA Global payments including fees, on what can only be described as specious grounds.  When the most recent of such motions was denied July 6, 2011, the second case was filed July 8.  Curiously, debtor chose to file the second case not in this court but in the Los Angeles Division.  There is no connection between this case and the Los Angeles Division and the home address of the current CFO is obviously no proper grounds for such venue.  The debtor's address and headquarters has always been 16795 Von Karman, Irvine.  One can only conclude that there was some nefarious purpose in filing in the Los Angeles division, such as to buy yet another few weeks of time through the inevitable delay required by a transfer from that division to this court. Counsel's argument that the filing in Los Angeles was proper, or at least innocent or designed merely to accommodate his somewhat closer office, is nonsense.  He well knows that this is a related case and would inevitably be transferred to this court under the "low-number" rule.  That

# United States Bankruptcy Court
## Central District of California

### Santa Ana

### Judge Theodor Albert, Presiding

### Courtroom 5B Calendar

**Wednesday, July 27, 2011**                                                    **Hearing Room    5B**

10:00 am

**Cont....**        **Cobalis Corporation**                                                    **Chapter   11**

filing in wrong venue, however, has had quite another effect.  In so doing debtor's management forfeited whatever small credibility they might still have possessed.

Failure to consummate a confirmed plan within a reasonable time and/or default under terms of a plan is clearly "cause" for conversion. 11 U.S.C. §1112(b)(4)(M) and (N); *Pioneer Liquidating Corp. v. U.S. Tr. (In re Consol. Pioneer Mortg. Entities)*, 264 F. 3d 803, 807 n.2 (9th Cir. 2001); *In re Mobile Freezers, Inc.*, 146 B.R. 1000, 1004 (Bankr. S.D.Ala. 1992).  Failure to meet sales projections, which prevent the reorganized debtor from meeting plan payments, is likewise grounds for conversion for default.  *Greenfield Drive Storage Park v. Cal. Para-Prof'l Servs., Inc., (In re Greenfield Drive Storage Park)*, 207 B.R. 913, 917 (9th Cir. BAP 1997). Filing in bad faith is also cause for conversion or dismissal.  *Chu v. Syntron Bioresearch Inc. (In re Chu)*, 253 B.R. 92, 95 (Bankr. S.D.Cal 2000).  Moreover, the court may consider a second bankruptcy filing during the pendency of a Chapter 11 case when evaluating bad faith  *In re Studio Five Clothing Stores, Inc.,* 192 B.R. 998, 1007 (Bankr. C.D. Cal. 1996); *In re Delaware Valley Broadcasters Ltd.,* 166 B.R. 36, 39 (Bankr.Del .1994).  Debtor offers the dubious argument that this second case lacks some of the hallmarks of a bad-faith filing because: (1) unlike many real estate cases, there is not a single property which is the centerpiece of the case and (2) there was no true serial filing because the first case began as an involuntary petition. So, the argument goes, debtor only really has one strike, not two.  Neither argument holds any water.  This *is* about a single asset, the PreHistin® technology and monies from sales of that product, and/or investments therein, which are now escrowed under the terms of the plan.  Even less persuasive is the argument that there is not a serial filing. The debtor most clearly determined to have a go at a reorganization effort in 2007 during the first case by stipulating to relief and simultaneously converting to Chapter 11.  If there is any practical difference between that and a voluntary filing, the court does not see it.

It is obvious to the court that the second case was a bad faith attempt to prolong the inevitable foreclosure by YA Global by improperly invoking a second automatic stay after the confirmed plan had gone into default.  Further, the attempt to extract even more delay by an improper filing in the Los Angeles Division strips this management of any remaining veneer of good faith and compels the court to take immediate remedial action.

Only one point made by the debtor has any traction.  Further to FRCP 1017, the court is concerned that all interested parties should have notice before the case is converted.  It is not

# United States Bankruptcy Court
## Central District of California

### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Wednesday, July 27, 2011**                                    **Hearing Room    5B**

10:00 am

**Cont....        Cobalis Corporation**                                    **Chapter   11**

inconceivable that one or more interested parties may come forward to present some reason (such as a cash buyout) that might inure to the benefit of some party in interest other than YA Global. The Certificate of Notice accompanying the OSC in the first case shows mailing by the court to only about ten parties.  The court is under the impression that there are quite a few more parties in interest than that. A brief continuance to accommodate notice of about two weeks is therefore indicated, and the parties must cooperate in ensuring that a comprehensive notice is sent.

*Convert first case unless compelling reason is presented after about two-week notice and hearing.  Dismiss second case.*

| Party Information |
| --- |

Debtor(s):

Cobalis Corporation                                    Represented By

                                                       Robert P Goe

                                                       John  Saba

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2001 Ross Avenue
Dallas, TX 75201

A true and correct copy of the foregoing document described as ***Order Converting Bankruptcy Case to Chapter 7*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***8/22/11,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
No later than **8/23/11,** I will serve the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Via Federal Express
The Honorable Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building, Suite 5085
411 West Fourth Street
Santa Ana, CA 92701-4593

Via Federal Express
Office of the United States Trustee
411 West Fourth Street
Santa Ana, CA 92701

Via U.S. Mail
Cobalis Corporation
Attn: Chaslav Radovich, President
16795 Von Karman, Suite 200
Irvine, CA 92606

Via U.S. Mail
Rey Olsen d/b/a Montenegrex
P.O. Box 7022
New York, NY 10150-7022

Via U.S. Mail
Robert Goe
Goe & Forsythe LLP
18101 Von Karman Avenue, Ste 510
Irvine, CA 92612

Via U.S. Mail
Gregory Grantham
Law Office of Gregory Grantham
610 Newport Center Dr., Ste. 600
Newport Beach, CA 92660

Via U.S. Mail
Blake Lindemann
433 N Camden Drive, 4th Floor
Beverly Hills, CA 90210

Via U.S. Mail
Lee Squitieri
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **8/22/11,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

By email:

Robert P. Goe
rgoe@goeforlaw.com

Greg Grantham
granthamgreg@gmail.com

Rey Olsen d/b/a Montenegrex
WSGNY@aol.com

Warren Nemiroff
wnemiroff@yahoo.com

Lee Squitieri
lee@sfclasslaw.com

Blake Lindemann
blindemann@llgbankruptcy.com

Michael J. Hauser
michael.hauser@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/22/11 | Ryan A. Goins | /s/ Ryan A. Goins |
|---------|---------------|-------------------|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                              **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  **_Order Converting Bankruptcy Case to Chapter 7_**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the
manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s)
and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and
hyperlink to the judgment or order. As of **_8/22/11_**, the following person(s) are currently on the Electronic Mail Notice List
for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

* James C Bastian     jbastian@shbllp.com
* John Burt     john@inhouseattorneys.com
* Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
* Michael J Hauser     michael.hauser@usdoj.gov
* T Edward Malpass     temalpass@aol.com
* Gordon G May     hpc@ggb-law.com
* Luckey McDowell     luckey.mcdowell@bakerbotts.com
* Keith C Owens     kowens@venable.com, bclark@venable.com;jcontreras@venable.com
* Carmela Pagay     ctan@rdwlawcorp.com
* Eric S Pezold     epezold@swlaw.com, dwlewis@swlaw.com
* Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
* John Saba     jsbklaw@gmail.com
* Leonard M Shulman     lshulman@shbllp.com
* United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by
United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated
below:

Cobalis Corporation
Attn: Chaslav Radovich, President
16795 Von Karman, Suite 200
Irvine, CA 92606

Gregory Grantham
Law Office of Gregory Grantham
610 Newport Center Dr., Ste. 600
Newport Beach, CA 92660

Rey Olsen d/b/a Montenegrex
PO Box 7022
New York, NY 10150-7022

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                **F 9021-1.1.NOTICE.ENTERED.ORDER**

Blake Lindemann
433 N Camden Drive, 4th Floor
Beverly Hills, CA 90210

Lee Squitieri
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Brad Chisick Trust
Brian A Kumamoto Esq.
19900 MacArthur Blvd Ste 1150
Irvine, CA 92612

Don Logan
PO Box 1564
Costa Mesa, CA 92626

Stephen Madoni
3700 Newport Beach Blvd , Ste 206
Newport Beach, CA 92663

Samantha D Malloy
Samantha D. Malloy, PC
149 Cedar Creek Dr, Ste 107
Ashland, OR 97520

Warren N Nemiroff
9595 Wilshire Blvd #900
Beverly Hills, CA 90212

Rey Olsen
PO Box 7022
New York, NY 10150-7022

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9021-1.1.NOTICE.ENTERED.ORDER**